Ackley v. Dygert.

character as should constrain us to reverse a judgment which seems to be well warranted by the evidence.

The judgment must be affirmed.

[CAYUGA GENERAL TERM, June 4, 1860. *Smith, Johnson* and *Knox,* Justices.]

## ACKLEY vs. DYGERT.

An exemplified copy of a will proved before the surrogate prior to January, 1830, certified under the seal of the surrogate having the custody of the record, is admissible in evidence, without proving the execution of the original will.

A widow, having a life interest in an undivided half of the real estate of which her husband died seised, by virtue of the will of her son, may institute proceedings for partition.

In an action of ejectment the plaintiff proved that by the will of H. K. all his real estate was devised to his sons W. and H. That W. died, in 1834, leaving two children, of whom the plaintiff was one ; that H. died prior to 1837, leaving a will, by which, among other things, he devised to A. K. all his real estate for life ; that a partition was made, between the parties, and the premises described in the complaint were set off to the plaintiff; that A. K. was dead ; and that the defendant was in possession of the premises described in the complaint. *Held* that the plaintiff, after proving the above facts, had shown title to the premises, in herself.

Requisites of a petition to the surrogate by the widow and administrator, for an order directing the sale of the real estate of a decedent for the payment of his debts.

Upon such an application, if there be an infant heir or devisee, a guardian must be appointed for such infant, by the surrogate, even though it does not appear from the petition that such infant is an heir or devisee.

A person cannot be divested of his property by being ignored. He has a right to a day in court, before that power can be rightfully exerted.

If the petition is deficient in any of the requisites specified in the statute, or if there is an infant heir of the deceased for whom no guardian is appointed, the surrogate will not obtain jurisdiction either of the subject matter, or of the person of such infant.

The statute contains no authority for an order by the surrogate directing the sale of an intestate's property, on the ground, merely, that after the distri-

Ackley *v.* Dygert.

bution of the proceeds of a former sale there is not a sufficient sum remaining for the payment of debts. In such a case there must be new proceedings instituted.

An order for a further sale, based upon the former proceedings, and not founded upon any new petition, or order to show cause, is wholly void.

A petition for an order to sell the real estate of an intestate, which omits to state that an inventory has been filed, or that there are debts which the personal property is insufficient to pay, does not state facts sufficient to give jurisdiction to the surrogate.

A sale under an order made upon a petition thus defective is not protected, or rendered valid, by the act of March 23, 1850. (*Laws of* 1850, *ch.* 82.)

An infant heir is not, by accepting the money arising from a sale of her estate and saying she is satisfied with it, after becoming of age, estopped from denying the validity of the sale; where no one is influenced, by her declaration, to buy the land or to do any other act by which he would be prejudiced were the heir allowed to assert her title to the premises.

THIS was an action of ejectment for land in Steuben county. The answer denied the facts stated in the complaint, and alleged that the defendant was the owner in fee and entitled to the possession of the premises in question. It was stipulated between the parties that on the trial the defendant, under the said answer, might give in evidence to sustain his title to the premises in the complaint described, the proceedings had and instituted before the surrogate of the county of Steuben by the administratrix and administrator of &c., of William Kennedy, deceased, for the sale of the real estate of which said Kennedy died seised, and the several proceedings thereon, the conveyance made by such administratrix and administrator to the purchaser or purchasers and the title of the defendant, derived from such purchaser or purchasers, in like manner as if such proceedings and title were set forth at length in the answer. The action was tried before Hon. E. Darwin Smith, without a jury, at the Steuben circuit in April, 1859. The plaintiff, to sustain the issue on her part, called as a witness Joseph Wheeler, and proved by him that Henry Kennedy lived for many years on his farm near Kanona, Steuben county, and died in 1826, leaving a widow, Anna, and the following named children, him surviving: John Kennedy, William Kennedy, Hiero Kennedy,

James Kennedy, Anna Kennedy the wife of Daniel Raymond, Sarah the wife of the witness, Hannah Kennedy, Cornelia the wife of Franklin Glass, Dorinda the wife of Bernard Fox, and Susan the wife of Chauncey Sackett. That William Kennedy died October 2, 1834, leaving his widow Maria, now the wife of John H. Collins, and two daughters, Gafelia the plaintiff in this action, who is now the wife of Peter Ackley, and Mary Elizabeth, who is now the wife of John Crossman ; and that Hiero Kennedy died 20th September, 1836. The witness further testified that he knew the premises described in the complaint, and that they were a part of the farm occupied by Henry Kennedy in his lifetime. The plaintiff then offered in evidence an exemplified copy of the will of Henry Kennedy, from the office of the surrogate of Steuben county. The defendant's counsel objected to the evidence, on the grounds, 1st. That there was not any evidence of the due execution of the will, sufficient to authorize the surrogate to put it upon the record. 2d. That the original record not being made evidence by the statute, the surrogate cannot make it so by exemplifying it. 3d. That the exemplification, if competent evidence, is of no greater effect than the original will would be, and that must be proved when produced. The court overruled the objection, and allowed the exemplification to be read in evidence, to which decision the defendant excepted. The exemplified copy of the will was then read in evidence. By this will, the testator, after giving several legacies to his wife and children, gave and devised all his real and personal estate to his sons William and Hiero, to be equally divided between them, and appointed them executors. This will purported to have been executed on the 21st of August, 1820, and to have been proved before the surrogate on the 6th of May, 1826.

The defendant objected to the effect of such exemplification that it was of no greater force than the original would be if produced, and if the same was produced it would be necessary to prove its due execution. The court overruled

the objection and decided that such exemplified copy was sufficient to prove the will, and also its due execution. The defendant's counsel excepted to such decision. The plaintiff then proved that when William Kennedy died, she, the plaintiff, was two years old, and that his other child was born the day he died. The plaintiff then offered in evidence the record of the will of Hiero Kennedy from the books of the office of the surrogate of Steuben county, to which evidence the defendant objected, on the ground that there was no evidence of the due execution of the will to authorize the surrogate to record the same, and also that it did not appear that the same was duly executed. These objections were overruled by the court, and the defendant's counsel excepted. The will was then read in evidence. By this will the testator devised his real estate to his mother, Ann Kennedy, during her life, and after her death to his six sisters or to the survivor ·or survivors of them in case of their or any of their deaths before the death of his mother, unless such sister or sisters should die leaving a child or children, and in that case her share to such child or children or other lineal descendants if living at the time of his mother's death, otherwise to his surviving sisters and their heirs, one equal share to each sister, and such share to the heir or heirs of any sister dying before his mother who might be entitled to the share as before provided. And he gave all his personal estate after defraying his funeral charges and paying his just debts out of the same to said mother Ann Kennedy, in case she survived him, and if not, then to his sisters equally and their heirs, executors, administrators and assigns respectively, or to the survivor or survivors of them, if any of them should die without heirs before his decease. This will was executed July 15, 1836, and proved before the surrogate on the 19th of December, 1836.

At a surrogate's court held at the surrogate's office in the town of Bath, in and for Steuben county, on the 19th day of December, 1836, present, Robert Campbell, jr., surrogate.

The plaintiff then offered in evidence the original record of a judgment in partition in the court of common pleas of Steuben county, wherein Anna Kennedy, widow of Henry Kennedy, deceased, was plaintiff, and Anna ·Raymond and others were defendants, filed 28th February, 1838. The defendant's counsel objected to the introduction of said record in evidence, on the ground, 1st. That the widow of Henry Kennedy, deceased, as tenant in dower, could not institute proceedings in partition. 2d. That the plaintiff therein had no interest under the will of Hiero Kennedy that could be the subject of partition. Which objection was overruled by the court, and the defendant's counsel excepted. The record was then read in evidence, from which it appeared that in such partition, the land described in the complaint was set ·off and aparted to the plaintiff. The defendant then admitted that he was in possession of forty acres of the land described in the complaint, and that Anna Kennedy died before the commencement of this action. The plaintiff then proved that the rents and profits of said land while occupied by defendant was $300, and rested. The defendant's counsel then moved for a nonsuit, on the ground that the plaintiff had failed to make or prove title in herself to the premises described in the complaint, which motion was denied by the court, and the defendant's counsel excepted. The defendant then proved the due appointment of Maria Kennedy, widow, and John Ostrander as administratrix and administrator of &c. of William Kennedy, deceased, by the surrogate of Steuben county, on the 21st day of March, 1835. The defendant then gave in evidence from the records of the office of the surrogate of Steuben county a petition, of which, except the description of the lands therein contained, the following is a copy :

"To Robert Campbell, esq., surrogate of the county of Steuben: The petition of John Ostrander, administrator, and Maria Collins, administratrix, of the personal property of William Kennedy, late of the town of Bath, in said

Ackley v. Dygert.

county, deceased, showeth, that your petitioners have made and filed an inventory of the personal estate of said deceased, according to law, and have discovered that the same is insufficient to pay his debts. That the outstanding debts of the said deceased, and which remain to be paid, as far as can be ascertained, amount to the sum of $800. That said deceased died seised, as is alleged, of the following, [the petition then described a number of parcels of real estate, amongst which is the piece described in the plaintiff's complaint, and the petition concluded as follows:] Your petitioners therefore pray that authority may be given to them by said surrogate, pursuant to the statute, to mortgage, lease or sell so much of the real estate of said deceased as will be, necessary to pay his debts.    MARIA COLLINS.

JOHN OSTRANDER."

The petition was duly verified by the petitioners before the surrogate, on the 17th day of November, 1836, and was on that day filed in the surrogate's office. The defendant then gave in evidence a paper writing and an indorsement thereon, of which the following are copies:

"To Mary Elizabeth Kennedy and Gafelia Ann Kennedy, heirs of William Kennedy, late of the town of Bath in the county of Steuben, deceased. Take notice that we intend to present a petition to the surrogate of the county of Steuben, at his office in Bath, on the 11th day of June inst., for authority to mortgage, lease or sell so much of the real estate of said deceased as shall be necessary to pay his debts, and shall then and there apply for the appointment of a guardian to you respectively for the sole purpose of appearing for and taking care of your interest in the premises. June 8, 1836.

Yours &c.    MARIA KENNEDY, Adm'x.

JOHN OSTRANDER, Adm'r."

Indorsed: "I accept service of the within notice, as being in all respects regular, and consent that a guardian for said minors be appointed according to the within notice. Dated June 9, 1836.    MARIA KENNEDY."

The foregoing notice and indorsement were produced by the surrogate from papers in his office, but the same were not indorsed as filed by any surrogate, nor were they recorded in any book kept by him. John Ostrander, a witness for defendant, testified: "I know Maria Kennedy, who was widow of William Kennedy, and know her two children, the plaintiff and her sister. They lived with their mother all through 1836, and until they were married. Maria Kennedy married John H. Collins about the 1st of December, 1836. I know her handwriting, and her signature on the back of the above notice is genuine." The notice was then read in evidence. The defendant then proved that no further proceedings for the appointment of a special guardian for the plaintiff were to be found on the files or records of the office of the surrogate of Steuben county. The defendant then proved that on the 21st day of March, 1835, Maria Kennedy was duly appointed general guardian for her children, the plaintiff and Mary Elizabeth Kennedy. The defendant then gave in evidence an order to show cause, of which the following is a copy from the records of the surrogate's office: "At a surrogate's court, held in and for the county of Steuben, at the village of Bath in said county, on the 17th day of November, 1836: Present, R. Campbell, jr., surrogate. Whereas, on petition and application of Maria Collins, administratrix, and John Ostrander, administrator, of the goods &c. of William Kennedy, late of the town of Bath in the county of Steuben, deceased, it has been made to appear satisfactorily to said surrogate that the personal estate of the said deceased will be insufficient to pay his debts ; it is therefore ordered that all persons interested in the estate of the said deceased be directed to appear before the said surrogate, at his office in the town of Bath in said county, on the 12th day of January next, at ten o'clock in the forenoon, to show cause why authority should not be given to the said administratrix and administrator to mortgage, lease or sell so much of the real estate of the said deceased as shall be necessary

to pay his debts." The defendant then gave in evidence from the records of the surrogate of Steuben county, a bond in the usual form by Maria Collins, administratrix, and John Ostrander, administrator, of &c. of William Kennedy, deceased, on the sale of real estate by them, pursuant to the statute, with the requisite security, which was filed in the surrogate's office 17th March, 1837. Also an order made in the usual form by said surrogate, on the 21st day of March, 1837, for a sale of a portion of the lands described in the petition of sale above set forth, but such land so directed to be sold did not embrace any of the lands set out in the complaint in this action; and also the affidavit of publication of notice of sale of the land so directed to be sold, the report of sale made by said administrators, the order of the surrogate confirming such sale, made on the 31st day of May, 1837, and the widow's release of her dower in said land, all made in due form.

The defendant next gave in evidence the order made by the surrogate of the county of Steuben on the 21st day of August, 1837, distributing the avails of the real estate so directed to be sold.

The defendant then gave in evidence an order made by the surrogate of the county of Steuben, on the 14th day of January, 1839, of which, excepting description of the land, the following is a copy : " At a surrogate's court held at the town of Bath on the 14th day of January, 1839, in and for Steuben county, present Robert Campbell, jr., surrogate. Whereas, Maria Collins, administratrix, and John Ostrander, administrator, of the goods &c. of William Kennedy, deceased, did on the 7th day of May, 1837, sell at public auction the whole of the premises described in an order of said surrogate, dated the 21st day of March, 1837, and directed to be sold in pursuance of the statute in such case made and provided, for the payment of the debts of said deceased ; and whereas the moneys arising from said sale are insufficient to pay said debts, as will appear from the records of this court ; and whereas it has been made to appear to the said surrogate

that the moneys required to be raised by the said administratrix and administrator cannot be raised by mortgage or lease advantageously to the estate of said deceased : The surrogate aforesaid doth therefore hereby, pursuant to the revised statutes, order that the said administratrix and administrator sell the following real estate of the said deceased, to enable them to pay his debts, to wit : (here followed a description of the lands, and the order concluded as follows :) and make return thereof as the law directs."

The land described in said order was no part of the premises described in the complaint. The defendant next gave in evidence a report of sale made by Maria Collins and John Ostrander, dated 14th March, 1839, and verified by the affidavit of said Ostrander, which was duly filed by the surrogate of said county, on the day of the date thereof, and to which was annexed an affidavit of due publication of the notice of such sale and of service of a copy thereof on the tenant in possession. The defendant then gave in evidence an order made by the surrogate of said county on the 14th day of March, 1839, confirming said last mentioned sale. The defendant then gave in evidence an order for distribution of the proceeds of the last mentioned sale, made on the 24th day of December, 1839, by the surrogate of Steuben county.

The defendant also gave in evidence, from the records of the surrogate's office of the county of Steuben, a petition, of which the following is a copy : " To Ansel J. McCall, surrogate of the county of Steuben : The petition of John Ostrander, administrator, and Maria Collins, late Maria Kennedy, administratrix of the estate of William Kennedy, late of the town of Bath in said county, deceased, showeth, that your petitioners have fully administered upon the personal estate of said deceased ; that by an order of Robert Campbell, late surrogate of the county of Steuben, they sold certain real estate of said deceased, which failed to satisfy all the debts due from said deceased, as appears by the decree of distribution made by said surrogate on the 25th day of December, 1840,

by which it appears there is still due from the estate of said deceased, the sum of $344, with interest from that time— that said debts are justly due and owing and not secured by judgment or mortgage, except a mortgage of about $190, and one of about $70, which are liens only upon part of the real estate—that said deceased died seised of the following described lands, except such as has heretofore been sold by an order of this court, to wit : [describing the land.] The said lands are used only for farming purposes, are worth, in the opinion of your petitioners, about $12 per acre, or about $720. Also, the northeast corner of a lot conveyed to John Kennedy by John Hornby, containing about four acres of land. That said deceased left Gafelia Ann Kennedy, aged fifteen years, and Mary Elizabeth Kennedy, aged twelve years, his children and heirs at law. The said Gafelia resides with Maria Collins, her mother, in Westmoreland, Oneida county; and the said Mary, with Elias Hoyt, in the town of Prattsburgh, Steuben county. Your petitioners therefore pray that authority be given them to mortgage, lease or sell so much of the real estate of the said deceased as shall be necessary to pay his debts."

The foregoing petition was filed in the office of said surrogate on the 25th day of April, 1845. The defendant next gave in evidence, from the same records, a notice of application for appointment of guardian, with an admission of service thereof, order of appointment of such guardian, the guardian's consent to serve, and the appointment.

The defendant then gave in evidence, from same records, an order reciting that on the petition and application of the administrators of William Kennedy, deceased, it had been made satisfactorily to appear to the surrogate that the personal estate of the said deceased was insufficient to pay his debts ; and ordering that all persons interested in the estate of the said deceased be directed to appear on the 9th day of June next, before the said surrogate, at his office, to show cause why authority should not be given to the said

administrators to mortgage, lease or sell so much of the real estate of the said deceased as should be necessary to pay his debts. The defendant then gave in evidence from the records aforesaid, an affidavit showing the due publication of the foregoing order in the Steuben Courier, a weekly newspaper published in said county of Steuben, together with the written admission of due service of said notice upon said special guardian for the plaintiff, and Mary Elizabeth Kennedy. The defendant then gave in evidence from the records of the office of the surrogate of Steuben county, the following papers: 1. An affidavit showing that the real estate of said deceased could neither be leased or mortgaged for a sum sufficient to pay his debts; that neither of the small parcels described in the petition would sell for enough to pay all the debts; that the large piece containing about sixty acres would sell for more than enough to pay the debts, but was so situated that a part of it could not advantageously be sold; that it was only partially improved, having upon it no dwelling house, but had a barn; that in the opinion of the affiant it should be sold, and was worth about twelve dollars per acre. 2. An order for the sale of the said sixty acres of land, made on the 9th day of June, 1845. Also the bond referred to in the foregoing order, which was duly filed in said surrogate's office, June 9, 1845. 3. The report of sale made by said administrators, pursuant to said order, at which sale said premises were sold to Elisha Hanks for the sum of $520, and an affidavit attached to said report showing the publication and posting of notice as required by law. 4. Affidavits showing the value of said premises to be more than the amount realized at such sale. 5. An order of said surrogate vacating such sale, and directing said premises to be resold. 6. The report of the second sale of said premises pursuant to the last mentioned order, at which sale said premises were sold to Russell Kellogg for $931.98, and an affidavit attached thereto showing the due publication and posting of notice of such sale. 7. An order of said surrogate, confirming said

Ackley *v.* Dygert.

last mentioned sale, and directing a conveyance to be executed accordingly. 8. An order for the distribution of the proceeds of said last mentioned sale. 9. A release by said Maria Collins, widow of said William Kennedy, deceased, of her dower in said premises. The defendant then gave in evidence a deed made by John Ostrander, administrator, and Maria Collins, administratrix, to Russell Kellogg, in pursuance of the order of 13th March, 1846, which deed was in due form, was dated 13th March, 1846, and acknowledged the 16th of March, 1846, for the consideration of $931.98, and recorded the 26th of April, 1852, in Steuben county clerk's office, and conveying to Kellogg the same premises described in the order and in the plaintiff's complaint in this action. The defendant then gave in evidence a deed from Russell Kellogg and wife to the defendant, dated April 26, 1852, for the consideration of $1200, acknowledged the same day, and recorded the same day in Steuben county clerk's office, which deed contained a covenant of warranty, and conveyed to the defendant forty acres of the premises described in the complaint, which were in his possession. Ansel J. McCall, a witness for defendant testified, " I was surrogate of Steuben county in 1846, and as such surrogate I invested money for the benefit of the plaintiff on bond and mortgage. It was the plaintiff's share of the surplus after making the distribution of the avails of the sale of the real estate on the 25th of May, 1846. The money was loaned to Garrett Stout." It was also proved that the interest upon this mortgage was paid to the plaintiff, in the year 1850, after she became of age ; for which she gave a receipt. The defendant then gave in evidence the record of a mortgage in book 16 of mortgages, in Steuben county clerk's office, at page 357, made by Garrett Stout and wife to the plaintiff, for $201.10. The defendant also gave in evidence the record of a certificate of satisfaction, made and duly acknowledged by the plaintiff on the 21st of April, 1851, by which the foregoing mortgage was satisfied of record. The witness

McCall then testified that the said mortgage made by Stout to the plaintiff was given for the surplus money so invested by him for the plaintiff.

John Ostrander, a witness for the defendant, then testified : " The plaintiff was at my house four years ago and I then had a conversation with her about the sale of the land described in the complaint, by order of the surrogate. She then told me she was satisfied with the sale of that piece of land and that it brought all it was worth." The defendant then rested. The defendant insisted that the plaintiff had failed to prove title in herself, to the premises described in the complaint, which objection was overruled by the court and the defendant's counsel excepted to such ruling. The defendant's counsel then insisted that the several matters so by him proved and given in evidence on his part were sufficient to entitle him to a judgment in his favor against the plaintiff, which objection was overruled by the court, and the defendant's counsel excepted to such ruling.

The court rendered a judgment in favor of the plaintiff, that she was entitled to recover of the defendant the possession of the premises described in the complaint, and also the sum of $300 for the rents and profits of said premises. The defendant excepted to so much of said decision as found that the plaintiff was entitled to recover from the defendant the possession of the premises ; also to so much of said decision as found that the plaintiff was entitled to recover of the defendant $300 for the rents and profits of said premises.

The defendant appealed from the judgment.

*D. Rumsey*, for the defendant.

*G. H. McMaster*, for the plaintiff.

*By the Court*, KNOX, J. The objection, that the exemplification of the will of Henry Kennedy was improperly receiv-

Ackley *v.* Dygert.

ed in evidence, was not well taken. The will bears date August 21st, 1820, and was proved before 1830. · Chapter 94, of Laws of 1850, as amended in 1852, (*see* 2 *R. S. 4th ed.* 650, 1035,) provides that the exemplification of the record of any last will and testament, proved before the surrogate of any county in the state, before the first day of January, 1830, certified under the seal of the officer having the custody of such record, shall be received in evidence, with the like effect as if the original will had been produced.

The construction which the defendant's counsel puts upon this statute, to wit, that proof of the execution of the original will must be first made, before the exemplified copy can be read, entirely nullifies the act. Of what use would this copy be, if the original were present and proved? The statute was passed to save the necessity of proving the original will, where it had been already proved before the surrogate. Nor was the objection well taken, that the plaintiff, at the close of the evidence on her part, had failed to prove title in herself to the premises.

By the will of Henry Kennedy all his real estate was devised to his sons, William Kennedy and Hiero Kennedy. William died in 1834, leaving two children, of whom the plaintiff is one. Hiero died before 1837, leaving a will, by which, among other things, he devised to Anna Kennedy, his mother, all his real estate for life. A partition was made between the parties, and the premises described in the complaint set off to the plaintiff. It was shown that Anna Kennedy was dead, and that the defendant was in possession of 40 acres of the land described in the complaint.

The objection that Anna Kennedy, "as widow," had no right to institute the proceedings for partition, is groundless; as she, as before observed, had a life interest in an undivided half of the real estate of which her husband died seised, ·by virtue of the will of her son Hiero; and might therefore petition for a partition..

This brings me to the real question, upon which the case

must be decided. The defendant derives title to the premises in dispute, by virtue of proceedings instituted by Maria Kennedy, widow of William Kennedy, who was the father of the plaintiff, and John Ostrander, administrators of William's estate, for the sale of his real estate for the payment of debts. The first inquiry is, "Did the surrogate get jurisdiction of the subject?"

As to the proceedings for a sale, commenced November 17, 1836, I think there can be no doubt that the surrogate did not gain jurisdiction of the subject. The statute required that the petition should set forth, 1st. The amount of personal property which had come to the hands of the administrators; 2d. The application of it; 3d. The debts outstanding against the testator or intestate, so far as the same can be ascertained; 4th. A description of all the real estate of which the testator or intestate died seised, with the value of the respective portions, or lots, and whether occupied or not, and if occupied, the names of the occupants; and 5th. The names and ages of the devisees, if any, and of the heirs of the deceased. (2 R. S. 39, 2d ed.)

It will be seen that the petition presented complies with the statute in but one particular, to wit, in stating the amount of the outstanding debts. The case says that the petition did describe a number of parcels of real estate, among which is the piece described in the plaintiff's complaint; but this does not approach to a compliance with the requirements of the fourth subdivision of section two of the statute.

Section 3d of the statute required the surrogate to appoint some disinterested freeholder guardian of any minor interested in the proceedings, if it should appear that there were any. The plaintiff was then a minor, but no guardian was appointed. It is true that it did not appear by the petition that she was an heir or devisee; but, I apprehend that a person cannot be divested of his property by being ignored. He has a right to "a day in court," before this power can be rightfully exerted.

Ackley *v.* Dygert.

Within all the cases, and they are numerous, bearing upon this question, I think that the surrogate obtained jurisdiction, neither of the subject matter, nor of the person of the plaintiff. (*Bloom* v. *Burdick*, 1 *Hill*, 130. 3 *Barb.* 341. 20 *Wend.* 241.)

These cases hold the language, substantially, that the surrogate's court, being a creature of the statute, not a court of unlimited original jurisdiction, those who claim under its decrees must show that the facts, upon which he acted, gave him jurisdiction.

Bronson, J., in one of the cases cited, says : " The rule that there must be jurisdiction of the person, as well as the subject matter, has been steadily upheld by the courts, and it cannot be relaxed, without opening a door to the greatest injustice and oppression." " In any form in which the question has arisen, it has been held that a statute authority by which a man may be deprived of his estate must be strictly pursued." The order made the 14th of January, 1839, for the sale of the real estate of William Kennedy, was altogether void. It was based upon no petition whatever, nor was there an order to show cause. I can find no warrant in the statute for an order directing the sale of the intestate's property, on the ground, merely, that after the distribution of the proceeds of a former sale there is a deficiency in the sum remaining, for the payment of debts. In such a case there must be new proceedings instituted.

Nor can I see how the order of sale, of June 11th, 1845, can be sustained. Considering, as the defendant would have us, the proceedings upon which the order was granted, "as a continuation of the original application," we have seen that they rest upon no foundation. Treated as an original proceeding, it is liable to the same objection, to wit, the petition does not state facts sufficient to give jurisdiction ; that is, it does not state that an inventory was filed, or that there were debts which the personal property was insufficient to pay.

But it is claimed that the statute of 1850 (*ch.* 82, 2 *R. S.*

*4th ed. p.* 290, §§ 37, 38) covers all the defects in these different proceedings. These sections are as follows:

" § 37. Every sale heretofore made, or hereafter to be made, under any of the provisions of the fourth title of chapter six of the second part of the revised statutes, and of the acts amending the same, or in addition thereto, shall be deemed; and held to be, as valid and effectual as if made by order of a court having original general jurisdiction ; and the title of any purchaser, at any such sale made in good faith, shall not be impeached or invalidated by reason of any omission, error, defect or irregularity in the proceedings before the surrogate, or by any allegation of want of jurisdiction on the part of such surrogate ; except in the manner and for the causes that the same could be impeached or invalidated, in case such sale had been made pursuant to the order of a court of original general jurisdiction.

§ 38. No such sale under any of the provisions of the fourth title of chapter sixth of part second of the revised statutes, and of the acts amending the same, shall be invalidated nor in any wise impeached for any omission or defect in any petition of any executor or administrator under the provisions of said title and acts amending the same, provided such petition shall substantially show that an inventory has been filed, and that there are debts, or is a debt, which the personal estate is insufficient to discharge, and that recourse is necessary to the real estate (or some of it) whereof the decedent died seised." ·

From what I have already said it will be seen that my judgment is, that if the sales under these various proceedings had been made by a court of original general jurisdiction, the plaintiff in this action would not be bound by them : but suppose that the statute of 1850 has the effect to correct and make regular and effectual the first two proceedings.

It will be observed that the premises in controversy were not sold by virtue of them ; but they were sold by virtue of the proceedings of April 26, 1845, and, as has been already

Ackley *v.* Dygert.

said, the petition thus presented did not show " that an inventory had been filed," and that " there were debts which the personal estate was insufficient to discharge." The grace of the statute does not reach such a case.

It is also said that the plaintiff, by saying she was satisfied with, and accepting the money arising from the sale, is estopped to deny its validity. When the land was sold, the plaintiff was an infant, and could do no act to estop her from asserting her title to the premises in dispute when she became of age. (*5 Sand.* 225.)

Neither the defendant, nor any other person, was influenced by the declaration of the plaintiff, that she was satisfied with the sale, to buy the land, or to do any other act by which he will be prejudiced if the plaintiff is allowed to assert her right to the premises.

Nor are these acts on the part of the plaintiff conclusive as an affirmance of the sale. Had the plaintiff, while an infant, conveyed the property to the defendant, and taken back a mortgage, upon which, when coming of age, she had received the money, there might be some ground for saying she had affirmed the sale. But in this case the plaintiff, personally, had nothing to do with the sale of the property, and was not so much as represented by a guardian. What a court of equity might decree in a proper action, in relation to the money received by the plaintiff, upon the mortgage, it is unnecessary to say. This is an action of ejectment, and the simple question is, in whom is the legal estate?

We think the case was properly decided at the circuit, and the judgment must be affirmed with costs.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox*, Justices.]