Calvin, Surrogate.
Objection is taken by. the counsel for the purchaser on the sale of the premises *105 in question, among numerous others, that the late Surrogate Hutchings did not obtain jurisdiction of the parties, or the subject matter aforesaid, by reason of the defects of the petition ; and second, because of the non-adjudication of the claims against the estate, and their non-entry in the book of records, and that the order of sale was defective, because made before the execution, filing, and approval of the bond, and that the said order of sale, supposed to have been made by Surrogate Van Schaick, was not in fact made by him, and therefore the order for signature thereof nunc pro tunc is invalid, and that the first signature by the present surrogate was not authorized by the act of 1874, chapter 9, as not being a record of a will, or proof, or examination taken before the predecessor of the present surrogate, or a record of letters testamentary, or of administration, or guardianship.
It is claimed by counsel for the petitioner, that it is the duty of the surrogate under section 30, 2 Revised Statutes, p. 109, to confirm the report of sale in this matter, because it appears to have been legally and fairly conducted, &c. ; but in order to determine under that section whether the sale has been legally made, it becomes necessary primarily to inquire whether jurisdiction was obtained of the subject matter, and of the parties interested, by the petition and order to show cause, and the service thereof.
It is clear that the petition does not conform to subdivision 4, of section 2, 2 Revised Statutes, p. 104. That section prescribes, as it seems to me, the facts that are necessary to be inserted in order to obtain jurisdiction ; the language of the section is, the “ petition shall set forth; ” and the omission of any of its requirements fails to secure jurisdiction.
It cannot be denied that the petition in this matter was defective in the particulars above referred to, and if the requirements of the statute, prescribing what the *106 petition shall contain, may be disregarded in one particular, it may be in all; but it is urged by the petitioner’s counsel that under the act of 1850, chapter 82, sections 1, 2, and 8, and the amendments of section 3 by chapter 260, of the Laws of 1869, and 92 of the Laws of 1872, the objections referred to are cured.
By section 1 of the act of 1850, it is provided that the title of any purchaser at any such sale, made in good faith, shall not be impeached or invalidated by reason of any omission, error, defect or irregularity of the proceeding before the surrogate, or by any allegation of want of jurisdiction on the part of such surrogate, except in the manner, and for the causes, that the same could be impeached or invalidated, if made pursuant to the order of a court of original general jurisdiction.
The second section provides that such sale shall not be invalidated or impeached for any omission, in any petition for such sale, provided it shall substantially show that an inventory has been filed, and that there are debts which the personal estate is insufficient to discharge, and that recourse is necessary to the real estate.
The third section provides that such sale shall not be invalidated by reason of an irregularity in any matter or proceeding after the presentation of any petition, and the giving notice of the order to show cause, &c.; and this provision is substantially preserved in the several acts amending the third section.
It is also claimed by said counsel, that section 1 of chapter 359 of the Laws of 1870, precludes the purchaser from objecting to the completion of his purchase because he has not appealed, or taken proceedings to set aside, open, vacate, or modify the proceedings in this matter; and several authorities are cited to sustain this view.
The case of Forbes v. Halsey is cited as authority *107 for the doctrine, that no sale shall be invalidated by reason of any irregularity occurring after the presentation of the petition; but that was a case of ejectment, and clearly within the provision of the act of 1850.
The learned counsel has evidently failed to appreciate the object of that act, when he seeks to make sections 1, 2 and 3 of that act applicable to proceedings before the surrogate, and gives no force to section 4, which seems to be the only section affcting the surrogate, and one which specifically provides that he shall not confirm any such sale, unless, upon due examination, he shall be satisfied that the provisions of the said title have been complied with, as if this act had not been passed, showing conclusively, that the act in question was not intended to relieve the surrogate from strict conformity to the Revised Statutes, but only to throw such guard around the purchaser, by presumptions of regularity, after the surrogate has acted.
I think the act of 1870, in its first section does not contemplate any limitation of the strict requirement of the Revised Statutes in conducting such proceedings, and is not applicable to such proceedings pending before that officer, otherwise it would nullify the fourth section of the act of 1850. I am therefore of the opinion that the several acts referred to do not relieve the surrogate from strict conformity to the Revised Statutes in respect to all the proceedings required by their provisions, and that it is my duty to recognize and act upon any objection of irregularity, as well as of jurisdiction, on this hearing.
And as I am not satisfied that the provisions of the Revised Statutes in respect to the sale and disposition of the real estate of the intestate have been complied with, I should refuse to confirm the report of sale (Ackley v. Dygert, 33 Barb. 176; Farrington v. King, 1 Bradf. 182; Wood v. McChesney, 40 Barb. 417).
It is well settled upon authority that any recitals of *108 jurisdiction in any of the orders of the former surror gate cannot affect the question of jurisdiction (see Sibley v. Waffle, 16 N. Y. 189). Having reached the conclusion that there is a defect of jurisdiction to make the order of sale, it is not, perhaps, necessary that I should consider the other questions involved in this matter, but it may be proper to state that after the surrogate acquires jurisdiction, any other proceedings required by the statute, that may have been omitted in the progress of the proceedings, might be supplied by being taken nunc pro tunc,—such as the proof and adjudication of claims, the entry of the order for sale, the execution and approval of the bond,—as this court possesses the same authority as other tribunals to remedy and correct errors or mistakes in the course of proceedings, in cases where jurisdiction has been regularly acquired (see Farrington v. King, above cited, at page 191).
For the defective character of the petition in this matter, the motion to confirm the sale must be denied.