WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—October, 1879.

## MEAD v. SHERWOOD.

*In the matter of the application to sell the real estate of*
JOHN P. JENKINS, *deceased, for the payment of his*
*debts.*

A creditor's petition for the sale of decedent's real estate, to pay debts,
    which fails to state the value of the land, or the names of the occupants
    thereof, or the ages of the heirs of the deceased, is fatally defective,
    and will, on motion, be dismissed.

These allegations are necessary for the proper service of the order under
    section 61, 3 *R. S.*, 196 (5 ed.), according to the provisions of section
    9, and the act of 1863 (§ 6, ch. 362).

Such a creditor's petition, under section 59, 3 *R. S.*, 196 (5 ed.), must com-
    ply with the requirements of a petition by an executor under section
    3, except as to the statement of the amount of the personal property of
    the deceased, the application thereof, and the debts outstanding.

APPLICATION for the sale of real estate for the pay-
ment of debts.

George W. Mead, a creditor of the deceased, filed a
petition in this matter, praying that the administrators
of the intestate, Mary E. Jenkins and Stephen M. Sher-
wood, be directed to show cause why they should not be
required to sell the real estate of which he died seized,

for the payment of his debts. An order was accordingly made and served upon them, and on the return day thereof they appeared and objected that the petition was defective, in not stating all the facts required by the statute to confer jurisdiction upon the court; to wit, that it did not state the value of the lands described therein, or the names of the occupants thereof, or the ages of the heirs of the deceased.

GEORGE W. MEAD, *in person.*

S. S. MARSHALL, *for administrators.*

THE SURROGATE.—Section 59, page 196, 3 *R. S.* (5 ed.), provides that if, after the rendering of an account by an executor or administrator to a Surrogate, as is provided by chapter 6, &c., it shall appear that there are not sufficient assets to pay the debts of the deceased, the Surrogate, upon the application of any creditor of the deceased, shall grant an order for the executor or administrator to show cause why he should not be ordered to mortgage, lease or sell the real estate of the deceased for the payment of his debts. By section 61, the Surrogate is directed, if no cause to the contrary be shown, to order notice of the application to be served and published in the same manner as directed in case of a like application made by an executor or administrator. Section 8 directs that where the application is made by either of the latter, the Surrogate shall make an order directing all persons interested in the estate to show cause, &c. ; and section 9 provides that such order shall be published, and a copy thereof served personally on every person in the occupation of the premises, and on the widow and heirs and devisees of the deceased, residing in the

county, &c. ; and section 6 of chapter 362, *Laws of* 1863 (p. 606), directs that the said copy order shall be served on minors in the same manner that a citation to prove a will is directed to be served on them, to wit : personally on all, and on the parent, guardian, &c., of such as are under fourteen years of age.

. Section 3 prescribes what the petition for an order to sell real estate to pay debts, when made by an executor or administrator, shall state, namely : 1st, the amount of the personal property of the deceased ; 2d, the application thereof ; 3d, the debts. outstanding; 4th, the description and value of the real estate, and the names of the occupants thereof ; and 5th, the names and ages of the devisees, if any, and of the heirs of the deceased.

As the first three of the above requirements are obviated, in the case of the application being made by a creditor, by the accounting which shall precede his right to apply, and which necessarily answers those requirements, it is still incumbent on the petitioning creditor to set forth in his petition, although not required by the words of section 59, a description of the premises and their value, and the names of the occupants, and also the names and ages of the heirs, to the end that the second order, provided for by section 61, may be properly served according to the provisions of section 9 and the act of 1863.

The petition should contain all the facts necessary to enable the court to see, in case there is no appearance on the part of the executor or administrator, on the return of the first order, that all the directions of the statute have been complied with, so that the purchaser may ultimately obtain a good title.

As it fails, in this case, to show who are the occupants, and the value of the premises described, and also the ages of the heirs-at-law, I regard it as fatally defective, and it must, therefore, be dismissed, without prejudice, however, to the right of the creditor to renew his application on a proper petition.