NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1882.

DENNIS v. JONES.

*In the matter of the estate of* JOHN F. COLLINS, *deceased.*

Testator's estate consisted solely of real property. By his will he gave certain legacies, directed the payment of all his debts and funeral expenses as soon as possible after his death, and provided that his

entire estate should be sold and turned into cash as soon after his death as his executors deemed it advisable.

*Held*, that, under the will, the real property was "subject to a valid power of sale for the payment" of debts (Code Civ. Pro., § 2759, subd. 4), and, in the absence of proof of the impracticability of executing the power, and its relinquishment by the creditor, not subject to disposition under Code Civ. Pro., ch. 18, tit. 5.

The allegations prescribed by Code Civ. Pro., § 2752, for the petition in a special proceeding to dispose of decedent's real property, are jurisdictional, and a provision, in an order of reference, for amending such a petition by supplying a material omission, is wholly ineffectual.

As to whether such a special proceeding is invalidated by non-appointment of a special guardian for decedent's infant child, for whom no general guardian appears, though the infant is regularly served with process, *quære.*

Russell v. Russell, 36 *N. Y.*, 581—distinguished.

MOTION to confirm referee's report in a special proceeding instituted by George F. Jones, one of the executors of decedent's will, for the disposition of decedent's real property; opposed by Joseph F. Dennis and others, creditors. The facts appear sufficiently in the opinion.

STERNE CHITTENDEN, *for executor.*

ISAAC FROMME, *for J. F. Dennis and others.*

THE SURROGATE.—This is a motion to confirm the referee's report in a proceeding brought by decedent's executor, pursuant to title 5 of chapter 18 of the Code of Civil Procedure, for disposing of certain real property whereof he died seized. One of the creditors objects to the confirmation of the report, and denies the authority of the Surrogate to make any decree in this proceeding, directing the disposition of the property. The following are among the grounds of his objections:

*First.*—That, by the will of the testator, the real estate in question is made subject to a valid power of sale for

the payment of debts and funeral expenses, and that a decree for the disposition of the property is, therefore, unnecessary and unlawful.

*Second.*—That the petition of the executor is so defective as to confer no jurisdiction upon the Surrogate.

*Third.*—That the steps thus far taken are ineffectual, because no special guardian has been appointed for the testator's infant child, and no general guardian has appeared in her behalf.

These objections will be considered in the order above mentioned.    Section 2759 of the Code provides that no decree can be made directing the disposition of real property, or of an interest in real property, unless, after due examination, certain facts have been established to the satisfaction of the Surrogate.    One of the facts which must be so established is the following: "That the property directed to be disposed of was not effectually devised expressly charged with the payment of debts or funeral expenses, and is not subject to a valid power of sale for the payment thereof; or, if so devised or subject, that it is not practicable to enforce the charge or to execute the power, and that the creditor has effectually relinquished the same."    Although section 2749, which declares what property may be disposed of for the payment of debts and funeral expenses, excepts from such disposition only such property as is effectually devised expressly charged with the payment of debts or funeral expenses, it is evident that section 2759, just cited, exempts also such property as is subject to a valid power of sale for the payment of such debts or expenses.    Before the petitioner, therefore, can entitle himself to a decree in this proceeding, it is incumbent upon him to satisfy the

Surrogate that there is no such devise and no such power of sale affecting this property; for if either exists, this court is powerless to make the decree. The language of the Code seems to me to express this meaning clearly, and to be susceptible of no other. The question arises, therefore, whether the will of the decedent contains a valid power of sale of the premises in question, for the payment of debts and funeral expenses. I think that it does. It provides that all such debts and expenses shall be paid as soon as possible after the testator's death. It gives certain legacies to his wife, his infant child and others, and it further directs as follows: "That, as soon after my death as my executors hereinafter named may deem it advisable, all the estate of which I may die possessed, of whatever kind or nature, shall be sold and turned into cash." It is plain that the direction for the execution of this power of sale is imperative, and in no sense discretionary. The estate consisted solely of the real property which decedent occupied at his death, and this provision of the will operated, for all purposes, as an equitable conversion thereof into personalty (Van Vechten v. Van Veghten, *8 Paige, 104;* Martin v. Sherman, *2 Sandf. Ch., 342;* Power v. Cassidy, *79 N. Y., 602*).

It was the evident purpose of the testator to enable the executor, by a sale of this property, to satisfy all the requirements of his will, including the payment of debts and funeral expenses. I can see no foundation for the claim that this power was granted for the benefit of the legatees alone, and have no doubt that the creditors may insist on its execution in their interest, and may, if its exercise is unreasonably delayed, appeal to the proper tribunal for relief.

The case of Russell ᵛ. Russell (*36 N. Y., 581*) has been cited in support of the claim that, while this testator's real estate may be justly regarded as subject to a valid power of sale for the payment of legacies, it cannot, without resort to a proceeding like the present, be sold for the satisfaction of funeral expenses and debts.

But the present case differs very essentially from that of Russell v. Russell. There, the power of sale was expressly conferred for the benefit of the legatees, and for their benefit solely. And, besides, in that case the personalty was indisputably sufficient for the payment of debts, so that no occasion had arisen for the exercise of the power in behalf of creditors, even if that power had been clearly accorded by the will. Here, on the other hand, the power is general, and, as has been stated already, there is no personalty from which legacies, debts or funeral expenses can be paid.

In the absence of any evidence that it is impracticable to execute the power of sale in the present case, and that the creditors have relinquished their right or claim to its exercise, I am forced to the conclusion that the present proceedings are not only needless, but invalid.

*Second.*—This petition is defective, on account of its unexplained omission to make certain allegations required by law. It does not, for example, disclose the age of the infant child of the testator, or whether the property which is the subject of the application is or is not improved, or whether it is or is not occupied. While it specifies certain debts and gives the names of certain creditors, it neglects to state whether the debts which are enumerated constitute all the indebtedness of the deceased, and whether the creditors mentioned include all

his creditors.   Section 2752 of the Code declares that, in a proceeding such as this, the petition must set forth, among other things, the matters here omitted.   Section 2753 provides that if any of these matters cannot, upon diligent inquiry, be ascertained by the petitioner, that fact must be shown to the satisfaction of the Surrogate. It does not appear that the particulars wherein this petition is defective might not have been readily ascertained. Indeed, they are fully disclosed in the order of reference, which, by one of its provisions, attempts to supply the omissions of the petition.   This attempt, however, is ineffectual, as the omissions constitute a jurisdictional defect (§§ 2752, 2753 and 2754 of the Code; Mead v. Sherwood, *4 Redf., 352;* Ackley v. Dygert, *33 Barb , 176;* Kelley's Estate, *1 Abb. N. C., 102*).

It goes without saying that, if the Surrogate acquired no jurisdiction in the first instance, the provision in the order of reference for amending the petition by the insertion of the omitted matters is wholly ineffectual to cure its deficiencies.

*Third.*—The proceedings are also jeoparded, if not invalidated, by reason of the non-appointment of a special guardian for the infant child of the testator and of the non-appearance of any general guardian to look after and protect her interests.   The infant seems to have been regularly served.   The court thereby acquired jurisdiction of the person (Ingersoll v. Mangam, *84 N. Y., 626*).   It may be, therefore, that the appointment of a special guardian, even at this stage of the proceedings, might obviate the objection raised on this ground; but the disposition of the other questions renders a decision upon this point unnecessary.

Ordered accordingly.