## *In re* JOHN'S ESTATE.

*(Surrogate's Court, New York County. October 30, 1891.)*

SALE OF DECEDENT'S ESTATE—JURISDICTIONAL DEFECTS—RIGHTS OF PURCHASER.
   Where, in proceedings to sell the land of a decedent for the payment of his debts, the petition fails to set forth the names of the heirs at law, as required by Code Civil Proc. § 2752, and the citation is not directed to all the heirs at law, as required by section 2754, the defects are jurisdictional, and a purchaser at the sale is entitled to a return of the price paid, the auctioneer's fees, and the cost of examining the title.

The lands of Evan John, deceased, were sold under a decree for the payment of his debts. The purchaser moves to be relieved from the sale.

*Platt & Bowers*, for petitioner, Robert Auld. *S. V. R. Cooper*, for administrator, Peter Farley.

RANSOM, S. This is an application to be relieved from the sale made in a real-estate proceeding, and for the return of the purchase money paid, the

auctioneer's fees, and the expenses incurred in the examination of the title. The point relied upon by the purchaser as the ground for this application is the omission to set forth in the petition and to cite the heirs at law of the deceased. Section 2752 of the Code of Civil Procedure requires the petition to state the names of the heirs and devisees of the deceased, and also every other person claiming under them, or either of them. Section 2754 provides that the citation must be directed to every heir or devisee or person claiming an interest in the property under an heir or devisee. Summary proceedings to divest title to real estate must be strictly pursued, and a substantial departure from the requirements of the statute renders the proceeding void. *Stilwell* v. *Swarthout,* 81 N. Y. 109. In that case, in proceedings by an administrator for the sale of real estate to pay debts, the order of the surrogate directing persons interested in the estate to show cause was made returnable in less time than that required by the Revised Statutes, viz., six weeks from the time of making the order. It was held that there was a want of jurisdiction fatal to its validity, and all the proceedings founded thereon were void. In *Jenkins* v. *Young,* 35 Hun, 569, the petition by which the proceeding was instituted omitted the name of one of the heirs at law of the intestate, although it was stated in the proof of service of citation that the omitted heir at law was reported as dead by his friends, and that his last place of residence could not be ascertained. It was held that the defect was jurisdictional and invalidated the sale. In *Dennis* v. *Jones,* 1 Dem. Sur. 84, the omission to state in the petition the age of an infant child of testator, or whether the property which was the subject of the application was or was not improved, and whether it was or was not occupied, was held to constitute a jurisdictional defect. If the petition is defective in any of the requisites specified in the statute, the surrogate does not acquire jurisdiction. *Ackley* v. *Dygert,* 33 Barb. 176; *Mead* v. *Sherwood,* 4 Redf. Sur. 352. In *Re Dolan,* 88 N. Y. 309, cited by respondent, the will gave three legacies, which were directed to be paid out of the rents, issues, and profits of the real and leasehold estate, and were made a specific charge thereon. Two of these three legatees were not served with the order to show cause. By the sale, sufficient would be secured to pay debts and legacies. The objection that they were not joined was held untenable; that all that was required was substantial compliance with the requirements of the statute, which did not direct service on said legatees, and while, if required, notice should be given them, no injury could result in that case by a completion of the sale, as the legatees could then be paid. There is a manifest distinction between that case and the case at bar. Motion granted.