---

(17 Misc. Rep. 474.)

## In re SLATER'S ESTATE.

### (Surrogate's Court, Ulster County. June, 1893.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—JURISDICTIONAL REQUIREMENTS.

   The requirements, in a proceeding to sell a decedent's land to pay debts, that the petition shall state as nearly as can be ascertained the names of decedent's heirs, and whether or not the land is occupied, and that the citation must be directed generally to all of decedent's creditors, unless a notice requiring creditors to present their claim has been published, and the time for presentation thereof has elapsed (Code Civ. Proc. §§ 2752, 2754), are jurisdictional.

2. SAME—OBJECTIONS BY PURCHASER.

   The purchaser of land sold to pay the deceased owner's debts may apply to the surrogate's court to be relieved from his purchase on the ground that the jurisdictional requisites of the statute were not complied with in the proceeding to obtain leave to sell.

Petition by Adam Slater and Charles T. Coutant, as administrators, for leave to mortgage, sell, or lease the real estate of Hubert Slater, deceased. Leave was granted to sell. A sale at public auction was had, and a portion of the property was struck off to H. C. Higginson, and the balance to George E. Van Wagonen. The sale to Higginson was afterwards set aside, there being a misunderstanding as to the amount of his bid, and the property was sold to one Schoonmaker. Schoonmaker asks to be relieved from his purchase, and to have the sale canceled. Granted.

George Van Etten, for administrators.
John F. Cloonan, for petitioner.

BETTS, S. Hubert Slater died in this county on the 2d day of July, 1892, intestate. On the 9th day of July, 1892, a verified peti-

tion was filed by Adam Slater, asking for the appointment of himself and Charles T. Coutant as administrators of the estate of the said Hubert Slater. The petition recited that said Hubert Slater left kindred entitled to his estate, whose names, relationship, ages, if under 21 years, and places of residence, are as follows: "Adam Slater, oldest brother, Ulster Park, N. Y. Jane E. Whittaker, sister, Woodstock, N. Y. John L. Slater, youngest brother, residence unknown (supposed to be in some Western state). Eliza Slater, Walter B. Slater, and William Slater, minors, niece and nephews of deceased, children of Walter Slater, a deceased brother of the intestate, residing in the town of Esopus." On the same day letters of administration were issued to the said Adam Slater and Charles T. Coutant by this court. On the 18th day of July, 1892, a petition to advertise for claims against the estate of the intestate was duly filed in this court, and an order was entered directing the publication of the usual notice in the Kingston Weekly Freeman and Journal, claims to be presented on or before the 21st day of January, 1893. An inventory in this estate was filed September 16, 1892, showing the amount of personal property to be the sum of $790.75. On the 24th day of October, 1892, a petition was filed in this court, verified by Adam Slater and Charles T. Coutant on October 10, 1892, asking leave to mortgage, lease, or sell at public or private sale the real estate of the deceased for the payment of his debts. Such proceedings were subsequently had in this court that a sale of the real estate was had at public auction, and the same was struck off by the attorney for the administrators to one H. C. Higginson, of a portion of the real estate, and to one George E. Van Wagonen, of another parcel of the real estate of deceased. A misunderstanding having arisen between the administrators and their attorney and the purchaser, Higginson, as to the amount of Higginson's bid for a parcel of the real estate which he purchased at this sale, upon the application of the administrators and their attorney and the creditors of intestate, who were represented at the hearing, an order was entered by this court setting aside the sale to Higginson, and a private sale of that portion thereof that had been sold to Higginson was ordered to be made to one Luther Schoonmaker, whose bid was regarded of greater advantage to the estate of deceased than that of Higginson. It was claimed by the administrators and those of the creditors represented, and not denied by Higginson, that the bid of Schoonmaker was about $400 higher than that of Higginson. A contract was entered into between Luther Schoonmaker and the administrators, and approved by this court. This proceeding is now brought by Luther Schoonmaker to be relieved from this contract of sale, and to have the same canceled and annulled. The application is made on a verified petition filed in this office on the 1st day of June, 1893. The administrators waived the issue and service of citation upon them, and consented to the immediate submission of the question to the surrogate. Luther Schoonmaker asked to be relieved from the contract for the following reasons, among others: First. That the petition for letters of administration, duly verified by Adam Slater, filed in the surrogate's office July 9, 1892, shows that Eliza Slater, Walter B. Slater, minors,

children of Walter Slater, deceased, who was a brother of intestate, are heirs at law of said Hubert Slater, deceased, that said minors are not made parties to this proceeding to sell the real estate of said Hubert Slater for the payment of his debts, that their names do not appear in the petition presented to the surrogate, and that no citation was issued to or served on them. Second. The petition shows that the notice to creditors was running at the date of filing the petition, October 24, 1892, and the notice to present claims would not expire until January 21, 1893, and that said citation to show cause was not issued to or directed to the creditors of Hubert Slater, deceased, as a class, as required by section 2754 of the Code. Third. That the said citation was not published as required by section 2523 of the Code. Fourth. That the said petition contains no allegation as to whether the real estate was occupied or not. These objections will be briefly considered in the order in which they have been presented.

As to the first objection of Luther Schoonmaker. The original petition for letters of administration filed in this court was the petition from which the surrogate obtained his authority or jurisdiction for the appointment of administrators. The naming of the proper parties was as much a jurisdictional matter as was the death of the deceased, his dying intestate, or the value of his property, or any of the other matters that are required to be stated upon application for letters of administration. Section 2752 of the Code of Civil Procedure, in regard to the distribution of real property of a deceased person for the payment of his debts, provides as follows:

"The petition must set forth the following matters, as nearly as the petitioner can, upon diligent inquiry, ascertain them: (1) The unpaid debts of the decedent, and the name of each creditor or person claiming to be a creditor; * * * and the amount of the unpaid funeral expenses of the decedent, if any, and the name of any person to whom any sum is due by reason thereof. (2) A general description of all the decedent's real property, and interest in real property, within the state, which may be disposed of as prescribed in this title; a statement of the value of each distinct parcel, whether it is improved or not, whether it is occupied or not, and, if occupied, the name of each occupant. * * * Where the petition describes an interest in real property, specified in section 2749 of this act, the value of the interest must be stated, and also the value of, and the other particulars, specified in this section, relating to the real property to which the interest attaches. (3) The names of the husband or wife, and of all the heirs and devisees of the decedent, and also of every other person claiming under them, or either of them, stating who, if any, are infants; the age of each infant, and the name of his general guardian, if any; and also, if the petition is presented by a creditor, the name of each executor or administrator. (4) * * *"

It will be seen the third subdivision of this section, requiring that the names of the husband or wife, and of all the heirs and devisees of the decedent, and also of every other person claiming under them, or either of them, stating who, if any, are infants, the age of each infant, and the name of his general guardian, if any, must be set forth in the petition, has not been complied with if the original petition for letters of administration in this estate was correct. There has been no answer filed by the administrators to the petition of Luther Schoonmaker, none of the objections to the proceedings made by him have been controverted or denied, or in

any way or manner explained. It is a fact that the names of these infants are in the original petition. It is also a fact that they were not named as the heirs at law in the petition on the proceeding to sell real estate, nor represented in any way in said proceedings. The insertion of the names of the heirs at law and their ages is jurisdictional. It is so held in Redf. Prac. Sur. (4th Ed.) 674; Dennis v. Jones, 1 Dem. Sur. 80; Mead v. Sherwood, 4 Redf. Sur. 352; Ackley v. Dygert, 33 Barb. 176; In re John's Estate (Surr.) 18 N. Y. Supp. 172; In re Kelly's Estate, 1 Abb. N. C. 102; Stilwell v. Swarthout, 81 N. Y. 109; Jenkins v. Young, 35 Hun, 569. I can find no explanation for the absence of these infants from the petition in any of the proceedings on file in this court. They were not cited nor represented. The testimony given does not disclose what became of them. The petition for the sale of the real estate was made by the same man who about three months before swore to the existence of these heirs at law of Hubert Slater. If they are all dead, their absence should have been explained and accounted for, and their heirs at law made parties to this proceeding. As no explanation was given in the proceeding to sell the real estate, and no answer given by the administrators to the petition of Luther Schoonmaker, it must be concluded that they should have been made parties to this proceeding. If heirs at law of Hubert Slater, their absence is jurisdictional, and a sale under a decree subsequently made, founded upon such a petition, would be defective. Heirs at law cannot be divested of their title by being overlooked or ignored; they should have their "day in court."

As to the second objection of Luther Schoonmaker, section 2754 of the Code provides as follows:

" * * * Unless the executor or administrator has caused to be published, as prescribed by law, a notice requiring creditors to present their claims, and the time for the presentation thereof, pursuant to the notice, has elapsed, the citation must be directed, generally, to all other creditors of the decedent, as well as to the creditors named."

The petition herein shows that the notice to creditors was running at the date of the filing of the petitions, October 24, 1892; and the notice would not, in fact, expire until January 21, 1893. The citation to show cause was not issued to the creditors of deceased as a class, as required by this section of the Code. This was held to be a good objection to the proceeding in the matter of the estate of Elizabeth Auch, deceased, the action being entitled "Kammerrer v. Ziegler," reported in 1 Dem. Sur. 177, decided in New York surrogate's court in 1883. The court there held that it was one of "the objects of the statute to make provision for giving notice in proceedings like this to persons who may perhaps be creditors, though not known to be such by the petitioner." And unless this notice has been published, and the time to present claims has expired, creditors, whether known to exist or not, must be cited as a class, and such citation must be published as required by section 2523.

It was claimed by the learned counsel for the administrators that the creditors could not oppose the administrators in a pro-

ceeding of this kind, and that, therefore, the omission to publish this notice might have been cured by the voluntary appearance of the creditors. In opposition to this it has been decided in the matter of the estate of John F. Collins, an action entitled "Dennis v. Jones," 1 Dem. Sur. 80, that a creditor could successfully oppose the application of the administrators in a proceeding of this kind, the court holding:

"This petition is defective on account of its unexplained omission to make certain allegations required by law. It does not, for example, disclose the age of the infant child of the testator, or whether the property which is the subject of the application is or is not improved, or whether it is or is not occupied. While it specifies certain debts, and gives the names of certain creditors, it neglects to state whether the debts which are enumerated constitute all the indebtedness of the deceased, and whether the creditors mentioned include all his creditors. Section 2732 of the Code declares that in a proceeding such as this the petition must set forth, among other things, the matters here omitted. Section 2753 provides that, if any of these matters cannot, upon diligent inquiry, be ascertained by the petitioner, that fact must be shown to the satisfaction of the surrogate. It does not appear that the particulars wherein this petition is defective might not have been readily ascertained. Indeed, they are fully disclosed in the order of reference which, by one of its provisions, attempts to supply the omissions of the petitioner. This attempt, however, is ineffectual, as the omissions constitute a jurisdictional defect."

And see cases there cited; the court further saying:

"It goes without saying that, if the surrogate acquired no jurisdiction in the first instance, the provision in the order of reference for amending the petition by the insertion of the omitted matters is wholly ineffectual to cure its deficiencies."

Now, as to the third objection of the petitioner Schoonmaker, section 2523 of the Code provides as follows:

"The surrogate may also make an order directing the service of a citation without the state, or by publication in either of the following cases: * * * (2) Upon one or more unknown creditors, next of kin, legatees, heirs, devisees, or other persons included in a class, to whom a citation has been directed, designating them by a general description as prescribed in this article."

This objection was also sustained in Kammerrer v. Ziegler, 1 Dem. Sur. 177.

Now, as to the fourth objection of the petitioner Schoonmaker. The petition contains no allegation as to whether the real estate of deceased was occupied or not. This is plainly one of the jurisdictional requisites, as shown by subdivision 2 of section 2752 of the Code of Civil Procedure, hereinbefore referred to. The reason and necessity for the rule can be plainly seen in a proceeding of this kind. The sale and the giving of a deed should be followed by possession in a purchaser. An occupant might easily be found in possession claiming title under the deceased, or under one of the numerous heirs at law of the deceased, and this court certainly would not obtain jurisdiction over the person of an occupant who had not been cited in this proceeding. This has been held in numerous cases to be jurisdictional.

There are various other objections which are raised by the learned counsel of the petitioner, both to the petition and to the subse-

quent proceedings that have been had in this matter. Some of these objections may have been cured, and others not, by the evidence that has been taken, and the proceedings that have been had. It seems, however, that the four objections chiefly considered all go to the jurisdiction of this court, and that a good title would not be obtained by the purchaser under this sale.

The surrogate has jurisdiction to entertain an application of the kind made by this purchaser, and it is so decided in Re Lynch, 67 How. Prac. 436, and in Re John's Estate (Surr.) 18 N. Y. Supp. 172. And in Re Dolan, 88 N. Y. 309, although decided adversely to the petitioner, yet the court decided that he had the right to make the application by entertaining the appeal. In that case the court considered the objections of the petitioner, and overruled each of them separately.

There has been so much litigation in this proceeding, and the proceeding has been so long, that it is to be regretted that the sale could not be followed by a valid deed which would entitle the purchaser to possession.

The petitioner in this case asks for costs. I do not feel disposed to grant costs. The petition of Luther Schoonmaker, asking to be relieved from his contract of sale, and to have the same canceled and annulled, is granted, and an order may be entered to that effect, without costs to either party.

Ordered accordingly.