SCHOENEWALD *v.* ROSENSTEIN.

*(City Court of Brooklyn, General Term.   June 24, 1889.)*

1. DEED—DESCRIPTION.
    Certain property in B. was properly described as "beginning at the north-west-erly side of D. street." A deed, under a foreclosure in the chain of title, described it as "beginning at a point on the north-easterly side of D. street." There was no "north-easterly side" to D. street. *Held,* that as, by striking out the erroneous portion of the deed, enough remained to enable the land intended to be conveyed to be located, the deed sufficiently described the land.

2. MORTGAGES—FORECLOSURE.
    The foreclosure proceedings, and the notice of *lis pendens* filed thereunder, were valid, although the same erroneous description was contained in each.

Case submitted on agreed statement.

Justus Schoenewald sued Hattie Rosenstein, to compel the specific perform-ance of a contract to buy land.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

*W. W. Butcher,* for plaintiff.   *Moses J. Harris,* for defendant.

CLEMENT, C. J.   This is a case agreed upon in a controversy submitted without action, whereby the plaintiff seeks to compel the defendant to carry out a contract for the purchase of certain real property in Brooklyn owned by the plaintiff.   The property is described and bounded as follows: "All that lot of land in the city of Brooklyn," etc., "and the house thereon, beginning at a point on the north-westerly side of Dodworth street, distant 95 feet 8¼ inches north-easterly from the north-easterly corner of Broadway and Dod-worth street; running thence north-easterly, along Dodworth street, 25 feet; running thence north-westerly, and parallel with Broadway, 90 feet; and run-ning thence south-westerly, and parallel with Dodworth street, 25 feet; and running thence south-easterly, and parallel with Broadway, 90 feet, to the point or place of beginning."   In the abstract of title it appears that a former owner of the property made a mortgage, which was foreclosed, and a deed on the premises was executed by the sheriff; and it further appears that in the mortgage, the foreclosure proceedings, and sheriff's deed the descriptions are in the same words as above set forth, except that in place of "beginning at a point on the north-westerly side of Dodworth street," the words used are, "beginning at a point on the north-easterly line of Dodworth street."   The title of plaintiff is defective, unless the deed of the sheriff conveyed the prop-erty in question.   The sides or lines of Dodworth street are north-westerly and south-easterly, and when the expression was used, "north-easterly line of Dodworth street," the same had no meaning, and, unless the property can be located from the remainder of the description, no title would pass.   If we strike out the erroneous part, we have a description locating the property as plainly as if the side of the street had been properly set forth.   The descrip-tion would then read, "beginning at a point on Dodworth street distant 95 feet 8¼ inches north-easterly from the north-easterly corner of Broadway and Dodworth street; running thence north-easterly, along Dodworth street, 25 feet; running thence north-westerly, and parallel with Broadway, 90 feet; and running thence south-westerly, and parallel with Dodworth street, 25 feet; and running thence south-easterly, and parallel with Broadway, 90 feet, to the point or place of beginning."   If the principles laid down in *Brookman* v. *Kurzman,* 94 N. Y. 272, are applied to the facts of this case, we have no hesitancy in holding that the title is good.   The premises are clearly located on Dodworth street, at a point distant 95 feet 8¼ inches north-easterly from the north-easterly corner of Dodworth street and Broad-way, and running thence north-easterly, along Dodworth street, 25 feet. The point of beginning is fixed on Dodworth street, and 95 feet 8¼ inches north-easterly from the north-easterly corner of Broadway and Dodworth

street. Judge RUGER in *Brookman* v. *Kurzman, supra,* says: "The long-established rules with reference to the construction of descriptions contained in conveyances require courts to adopt such an interpretation thereof as shall give effect to the instrument according to the intention of the parties, if that is discoverable from legitimate sources of information. * * * In giving effect to such intention, it is also their duty to reject false or mistaken particulars, provided there be enough of the description remaining to enable the land intended to be conveyed to be located." The learned judge cites many authorities to sustain the two propositions laid down in the foregoing quotation. See, also, *Masten* v. *Olcott,* 101 N. Y. 152, 4 N. E. Rep. 274; *Case* v. *Dexter,* 106 N. Y. 548, 13 N. E. Rep. 449. We think that the same rules would apply to the description in the *lis pendens* and foreclosure proceedings as to that in the sheriff's deed, and that the foreclosure cannot be disturbed, and was valid. The court answers the first question submitted in the negative, and the second question in the affirmative, and, pursuant to the stipulation, judgment is ordered in favor of the plaintiff, and against the defendant, that the defendant be compelled to accept the title, without costs. All concur.