AMELIA BERNSTEIN, Respondent, *v.* JAMES NEALIS, Appellant.

A judgment of foreclosure of a mortgage does not so far merge the mortgage in the judgment as to blot out the record of the mortgage or relieve any one looking at the judgment and the deed given on sale pursuant thereto from the effect of that record as showing what the mortgage contains.

Defendant contracted to sell to plaintiff a house and lot known as No. 237 Elizabeth street in New York city, which was described as being twenty-three feet and three inches wide on said street. The premises were owned in 1869 by F., who conveyed to S., describing them as in the contract. The house occupied the whole front and there were houses covering the fronts of the adjoining lots on each side. S. subsequently mortgaged the premises by a description which commenced "at a point on the westerly side of Elizabeth street distant 123 feet 2 inches northerly from the corner of Prince and Elizabeth streets, running thence northerly along said westerly line of Elizabeth street 20 feet, 3 1-2 inches." The description closed with a statement that the mortgaged premises were "the same premises which were conveyed by F. to S.," giving the date of the deed and the place of record. The point of commencement was in fact 121 feet 2 inches north from said corner. The mortgage was foreclosed; V., a subsequent grantee of the fee subject to the mortgage, was made a party. The complaint in the foreclosure suit, the judgment therein and the referee's deed on sale followed the description in the mortgage, except that the reference to the deed to S. was omitted. Defendant, whose title was founded on the referee's deed, contracted to sell the premises to plaintiff, who refused to accept a conveyance because of alleged defect in title to the two feet. In an action brought to recover back the purchase money paid, *held*, that while the description by metes and bounds in the mortgage did not cover the two feet, yet the reference to said deed cured the defect, and the whole description was sufficient to convey the premises; that the mortgagee in foreclosing had the right to rely on the statement in the mortgage and to assume that the particular description covered the whole premises; and so, that although the reference was omitted in said complaint, judgment and referee's deed, the mortgagor and all claiming under any conveyance by him subsequent to the mortgage were estopped from asserting title to any portion of the premises, and that, therefore, defendant could convey a good title to the whole lot.

*Thayer* v. *Finton* (108 N. Y. 394), distinguished.

(Argued December 11, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made July 2, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover the amount paid by plaintiff upon a contract to purchase certain real estate and expenses incurred on the ground that the title tendered was defective.

The facts, so far as material, are stated in the opinion.

*William R. Page* for appellant. The title is free from reasonable doubt, and there is no one who could claim any part of the property as against the appellant. ( *Wheeler* v. *Dunning*, 33 Hun, 207; *Clements* v. *Griswold*, 46 id. 382; Code Civ. Pro. § 1632; *Butler* v. *Viele*, 44 Barb. 166.) The erection of the house upon the lot in question fixed irrevocably and by the act of the parties the location of the lot in question and the appellant's title is perfect by practical location. (*Pangburn* v. *Miles*, 10 Abb. [N. C.] 50; *Reed* v. *Farr*, 35 N. Y. 113; *Baldwin* v. *Brown*, 16 id. 362.) Where it appears that the place of beginning given in the grant is erroneous it may be rejected as surplusage. (*People* v. *Storms*, 97 N. Y. 369; *Meyer* v. *Brown*, 51 Hun, 295; *Hathaway* v. *Power*, 6 Hill, 453; *Raynor* v. *Timerson*, 46 Barb. 524, 525; *Jackson* v. *Clark*, 7 Johns. 223; *Dygert* v. *Pletts*, 24 Wend. 404; *Kilmer* v. *Wilson*, 49 Barb. 88; *Pettit* v. *Shepard*, 32 N. Y. 104; *Drew* v. *Smith*, 46 id. 207; *Robinson* v. *Kime*, 70 id. 154; *Brookman* v. *Kurzman*, 94 id. 276; *Case* v. *Dexter*, 106 id. 553; *Grandin* v. *Hernandez*, 29 Hun, 403; *Coleman* v. *M.*, etc., *Co.*, 94 N. Y. 229; *Thayer* v. *Finton*, 108 id. 397; *White* v. *Williams*, 48 id. 244, 344; *Jones* v. *Smith*, 73 id. 205; *Jackson* v. *Barringer*, 15 Johns. 275; *Breen* v. *Stone*, 25 N. Y. S. R. 1012; *Meyer* v. *Boyd*, 51 Hun, 295.) The decree in foreclosure and the deed given thereunder in the action of *Martling* v. *Venter* are subject to the same rules and construction as apply to conveyances of real estate as above expressed. (*Reed* v. *Farr*, 35 N. Y. 118; *F. L.*, etc., *Co.* v. *Eno*, 21 Abb. [N. C.] 223; *White* v. *Luning*, 93 U. S. 514.)

*A. Stern* for respondent.   The plaintiff is entitled to a lot twenty-three feet wide and not twenty feet three inches. Both plaintiff and defendant having asked for a direction of a verdict, the case presents no disputed questions of fact, but one of law only, and if there is any evidence to sustain the verdict it will not be disturbed.   (*Dillon* v. *Cockroft*, 90 N. Y. 649.)   A general reference to a former deed at the end of a description which is precise and definite and by metes and bounds will not enlarge such description.   (*Thayer* v. *Finton*, 108 N. Y. 394; *Coleman* v. *M. B. Co.*, 94 id. 229; *Jones* v. *Smith*, 73 id. 205.)   The rule that courses and distances must yield to natural monuments called for by the grant cannot apply here, because there are no such monuments referred to in this description, and even if there were, the description being accurate, the latter controls.   (*Higginbotham* v. *Stoddard*, 72 N. Y. 94; *Smyth* v. *McCool*, 22 Hun, 595; *Burnet* v. *Wadsworth*, 57 N. Y. 634.)

PECKHAM, J.   We think the defendant proved a good title to the premises which he contracted to sell to the plaintiff. They consisted of a house and lot stated in the contract as being No. 237 Elizabeth street in the city of New York. There was no doubt as to where those premises were or as to their actual width upon that street.   The question arises out of the description of them by metes and bounds as contained in some of the conveyances through which the defendant derives title.   The deed of 1869 from Rosamond Floyd to Stutzman is the first one which it will be material to consider.

It described a dwelling house and lot on the west side of Elizabeth street between Prince and Houston streets in the city of New York, and being 23 *feet and 3 inches* wide on Elizabeth street.   This was a correct description of and conveyed the premises which the defendant contracted to sell to the plaintiff.   Stutzman subsequently mortgaged the premises by a description which commenced " at a point on the westerly side of Elizabeth street distant 123 *feet 2 inches* northerly from the corner of Prince and Elizabeth streets; running

thence northerly along the said westerly line of Elizabeth street 20 feet 3 1–2 inches." The other boundaries are immaterial. The mortgage closed by a statement that the mortgaged premises were "the same premises which were conveyed by deed bearing date the 26th of November, 1869, to the party of the first part by Rosamond Floyd, and recorded in the office of the register in liber 1112 of conveyances, page 549, on the 1st day of December, 1869."

It is stated and we assume that the premises described in the deed from Rosamond Floyd to Stutzman actually commence at a point 121 feet and 2 inches north from the corner of Prince and Elizabeth streets instead of 123 feet and 2 inches as stated in the description contained in the mortgage from Stutzman, and that they are 23 feet 3 inches instead of but 20 feet 3 1–2 inches wide. The mortgage was foreclosed, and one Maria Venter, a subsequent grantee of the fee subject to the mortgage, was made a party to the foreclosure. The complaint in the foreclosure action followed the description in the mortgage in the same terms as are therein set forth, with the exception that it left out the allegation contained in the mortgage that the premises mortgaged were the same premises conveyed to the mortgagor by the Floyd deed. The decree of foreclosure follows the description contained in the complaint, and the deed executed by the referee in the foreclosure sale also follows the same description. The defendant takes title through mesne conveyances from the purchaser at the foreclosure sale. No criticism is made in regard to the sufficiency of those descriptions, except that they cannot convey more than was conveyed by the foreclosure deed.

It was admitted on the trial that the premises were a house and lot, the house having stood there more than twenty years, and the deed to Rosamond Floyd dated in 1845 describes the property as a dwelling house and lot and by the same description as is contained in the deed from Rosamond Floyd to Stutzman.

The plaintiff, after the execution of the contract, made an examination of the title, and upon such examination the above

facts appeared. The plaintiff thereupon refused to take a deed, insisting that by reason of such facts the mortgage did not cover and the defendant had no title to the southerly 2 feet of the premises plaintiff contracted to buy, but that the title to those 2 feet was then vested in Maria Venter, the subsequent grantee of Stutzman, the mortgagor. The plaintiff demanded back the money she had paid, and upon refusal she commenced this action to recover it together with fees for legal services in searching the title, the amount of which is agreed upon. The plaintiff has thus far succeeded in her contention.

Although the description by metes and bounds as set forth in the mortgage does not cover the 2 feet in question, yet the mortgage also contains the statement that the premises are the same which were conveyed to the mortgagor by the Floyd deed which was on record. This statement, taken with the description in the mortgage, would, upon the facts appearing herein, make it a sufficient description to convey such premises. It is not disputed that the Floyd deed covers the whole of the premises contracted to be purchased. They consisted of a lot upon which a house had been built and was then standing. It is scarcely conceivable that the mortgagor intended to cut off two feet in width from his house and mortgage the balance, and it is equally improbable that any one would take such a mortgage. It is clear, therefore, that the statement in the mortgage, that the boundary commenced 123 feet 2 inches from the north corner of Elizabeth and Prince streets, and ran thence north 20 feet 3 1-2 inches, was only a mistaken description of the premises intended to be conveyed. A mistake, however, does not aid the defendant unless it be cured by the subsequent description or statement in the instrument. I think it is cured by that statement. It is there asserted that the premises mortgaged are the same as those conveyed to the mortgagor by the Floyd deed which is of record. Considering the character of the premises, being a house and lot in a city, with houses on each side, and remembering that those very premises are in fact covered by the Floyd deed to the mortgagor, it must be

that this statement, when used by him, is as against him equivalent to a conveyance, which includes those premises by metes and bounds. Nothing else will satisfy the statement. It is in substance and effect an assertion by the mortgagor that those premises are included in and pass by the particular description just given. Such a case is wholly unlike that of *Thayer* v. *Finton* (108 N. Y. 394). There the description by metes and bounds, in the deed from Thayer to Eggleston, was apt and perfect for the purpose of describing two lots of land. It did not describe a third lot, separated and at some distance from them both. And it was held that the statement following the description, that the premises conveyed were the same premises then in possession of the grantor and conveyed to him by C. and wife, did not have the effect of including the third lot, although it had been conveyed by C. and wife, and the grantee in that deed was then in possession of such third lot. It was said the boundaries in the Eggleston deed were capable of exact ascertainment, and described precisely and exactly two specific pieces of property which had been conveyed to the grantor in that deed, and that there was no indication in the Eggleston deed that the grantor therein intended to convey three pieces, or any land other than that which was therein particularly described. The land particularly described was in the possession of the grantor, and had been deeded to him by C. and wife, and the statement in the Eggleston deed did not assume that such deed conveyed *all* the land that had been granted to the grantor, or all which he was in possession of. The language was held entirely too loose and indefinite under the facts of that case to include land not described.

In this case the specific description is slightly inaccurate, and in fact it cuts off two feet from a house and lot the whole of which, beyond all possible controversy, was intended to be conveyed. By reason of this inaccuracy in the description by metes and bounds, if unaided by the added statement, the clear intention of the mortgagor to mortgage the whole might fail. But when such added statement is referred to all doubt is removed, and by combining the two, the special and particular

description with the statement as to what it actually conveys, all the land described in the Floyd deed must be held to pass under the description in the mortgage. The statement, in the light of the character of the property, means all the premises contained in the Floyd deed and not a part only.

The doubt in this case arises from the fact that in proceeding to foreclose the mortgage the complaint, decree and referee's deed described the premises by the particular description contained in the mortgage, and did not refer to the statement in the mortgage beginning, "being the same premises," etc. As to the mortgagor, however, and his grantees subsequent to the mortgage, the particular description was sufficient to convey the premises as they actually existed, because they passed by the deed from Rosamond Floyd to the mortgagor, and he, in effect, has stated in his mortgage that the description therein contained does convey all those premises, and that he intends to convey them by that description.

When the mortgagee comes to foreclose the mortgage, therefore, he may take the mortgagor at his word, and may rely upon it and assume that the particular description used in the mortgage does convey the same premises conveyed to the mortgagor by the Floyd deed, and the added statement in the mortgage need not be inserted in the complaint or in the decree, or in the deed of the referee, in order to convey as against the mortgagor the same premises that were conveyed to the mortgagor by the Floyd deed.

The mortgagor and those claiming under him would be, under these circumstances, estopped from setting up or asserting any title to any portion of those premises passing under the Floyd deed founded upon any alleged insufficiency of description actually set forth in the complaint or decree, or deed in foreclosure. The mortgagor has asserted the description contained in the referee's deed to be sufficient, and that when used in the mortgage it did in fact convey the premises described in the Floyd deed, and it would be an inequitable proposition to permit the mortgagor to now deny his own solemn statement.

Those claiming under or through the mortgagor would be estopped the same as the mortgagor, because they would take under the mortgage and subject to the mortgage, which, being on record, would be notice to them of the fact that the description therein by metes and bounds covered the premises conveyed by the Floyd deed, because the mortgagor so stated in the mortgage itself. The judgment of foreclosure does not so far merge the mortgage in the judgment as to blot the record of the mortgage out of existence or relieve any one looking at the decree and deed in foreclosure from the effect of that mortgage record as notice of what the mortgage contains. It seems to me, therefore, that the title of defendant was good beyond any attack from Maria Venter or her grantees. The defendant, by his tendered deed, assumes by an apt description to convey the very premises which are described in the deed from Rosamond Floyd, and which were mortgaged by her grantee.

Our conclusion is that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur (Gray, J., in result), except Haight, J., not sitting.

Judgment reversed.