amount, and they cannot safely determine to which it should be paid, or make payment to one without danger of being liable to the other for the same claim. The motion for an interpleader was denied on the ground that the complaints in the two actions do not show that the commissions claimed are for the procurement of the same tenant. That fact does not appear from the complaints, but it is made to appear by affidavit of McKee, and does not seem to be denied, that the claim asserted by each of the plaintiffs for procuring a tenant relates to the same tenant, viz. Rivers. But, while the order appealed from may not be sustainable upon the ground upon which the motion was denied, yet it is apparent that the controversies of the parties are not in all respects over the same matters. The amount claimed by Ward is $6,000. All the defendants have offered to pay into court is the amount claimed by Carroll in his action, which is the same amount claimed by Ward in the first cause of action set forth in his complaint. An interpleader, under those circumstances, would not discharge the defendants from full liability in each action, nor finally settle the controversy. Ward's claim is more extensive than Carroll's, and is upon two contracts of employment, instead of one. The causes, therefore, were not in a situation in which the demands made by separate plaintiffs upon the defendants could be settled and finally determined in a contest between those plaintiffs, and for this reason the court properly exercised the discretion given by section 820 of the Code of Civil Procedure in denying the motion.

The order must be affirmed, with $10 costs and disbursements. All concur.

---

### In re RIVERSIDE PARK.

#### Appeal of TIEMANN et al.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. EMINENT DOMAIN—ADVERSE CLAIMANTS—REVIEW OF DECISION.

In 1891 two claimants of land taken for a city park appeared before the commissioners, who sustained respondent's claim and awarded it the damages. In 1899 an order was entered, on the application of respondent, directing the city to pay the award to respondent, which was done. Afterwards the defeated claimant made a motion to vacate the order directing the payment and for a reference of the claims, which was denied. *Held,* that it was proper to deny the motion, since the defeated claimant should have appealed from the order of confirmation entered in 1891.

2. SAME—MONEY HAD AND RECEIVED.

The remedy of the defeated claimant, if any, is to sue respondent for money had and received, as authorized by New York Charter, § 1002.

Appeal from special term, New York county.

In the matter of the application of the city of New York to acquire title to lands for Riverside Park. Appeal from an order denying petition of Daniel F. Tiemann to vacate an order directing the city to pay to respondents a certain sum for land taken for the park, and to appoint a referee to determine the rightful owners of such money. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Clarence L. Barber, for appellants.
Anthony P. Porter, for respondents.

McLAUGHLIN, J.    Some time prior to December 31, 1891, proceedings were taken under chapter 496 of the Laws of 1885 by the city of New York to acquire title to certain lands for the extension of Riverside Park, and to that end commissioners were appointed to determine the damages to the respective landowners and to make an award therefor.    The city of New York, and the appellants and the respondents herein, appeared before the commissioners, and each claimed to own a certain piece or parcel of land taken, and by reason thereof demanded the award for damages.    The commissioners sustained the claim of the respondents, and, by a report which was duly confirmed by an order entered on the 31st of December, 1891, made an award to them, under the name of the "Tiemann Color Works," for the damages sustained.    On the 14th of February, 1899, an order was made and entered, without notice to the appellants, on the application of the respondents, directing the city chamberlain to pay the award to them, and he made the payment, as directed in the order, upon the 16th of that month.    After the award had been paid, a motion was made to vacate the order directing the payment, and for the appointment of a referee to take proof of, and to hear and determine, the claim of the appellants herein to the award.    The motion was denied, and from the order denying the same this appeal is taken.

We are of the opinion that the motion was properly denied.    The appellants appeared before the commissioners, and knew of the determination made by them.    They knew that the award for damages was not made to them, but to the Tieman Color Works, a hostile and adverse claimant, and, if not satisfied with the award, they should have appealed from the order of confirmation.    That order was entered in 1891, and they could not wait until 1899, and then, as a matter of right, after the payment had actually been made by the city to another claimant, have the whole proceeding opened, and a determination made of their claim to the award.    Having failed to appeal from the order confirming the award, or to take any proceedings in the matter whatever looking to a determination of their claim, for the length of time stated, they must be deemed to have acquiesced in the award, so far as permitting the payment to be made to the respondents.

If the respondents were not entitled to receive the money paid to them by the city, and the appellants were legally entitled to it, then the appellants can maintain an action against the respondents to recover the same for money had and received.    This right is expressly given by statute.    Section 1002 of the charter of the city of New York provides that if an award shall be paid by the city "to any person or persons, or party or parties, whomsoever, when the same shall of right belong to or should have been paid to some other person or persons, or party or parties, it shall be lawful for the person or persons, or party or parties, to whom the same ought to have been paid, to sue for and recover the same."    Whether or not the appellants have any claim to the award depends entirely upon whether they had, at the time the land was taken by the city, the legal title to the same, and the

proper way to determine that question is in an action brought for that purpose.

The order is right, and should be affirmed, with $10 costs and disbursements.    All concur.

---

MAYOR, ETC., OF CITY OF NEW YORK v. BANNAN et al.

(Supreme Court, Appellate Division, First Department.    June 30, 1899.)

CERTIORARI AGAINST MUNICIPAL OFFICERS—CITY'S RIGHT TO COSTS—REAL PARTY IN INTEREST.

Consolidation act (Laws 1882, c. 410, § 56), providing that no officer paid a salary shall receive for his own use any costs paid to him in his official capacity, but that the same shall be. the property of the city, makes the city the owner of costs in certiorari against the mayor, corporation counsel, and commissioner of public works, who are paid salaries by section 66, and which costs were due to them in their official capacity; and entitles the city to sue, as the real party in interest, under Code Civ. Proc. § 449, on an undertaking to pay the same, given to them on an appeal in such proceedings.

Appeal from special term, New York county.

Action by the mayor, aldermen, and commonalty of the city of New York against John J. Bannan and another.    From a judgment overruling a demurrer to the complaint, defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Roger Foster, for appellants.
Terence Farley, for respondents.

INGRAHAM, J.    The complaint was demurred to upon two grounds:  First, that there is a defect of parties plaintiff;  and, second, that the complaint does not state facts sufficient to constitute a cause of action.    The action was brought upon an undertaking given upon an appeal to the court of appeals from an order of the general term of the supreme court dismissing a writ of certiorari.    The complaint alleges that one Higgins made an application for a writ of certiorari to review the proceedings of the mayor, corporation counsel, and the commissioner of public works of the city of New York removing him from the position of clerk of the "city record";  that such writ was dismissed by the general term of the supreme court, and that Higgins appealed to the court of appeals;  that on such appeal the defendants executed an undertaking by which they jointly and severally undertook that Higgins would pay all costs and damages which might be awarded against him if said order should be affirmed, or the appeal dismissed, together with all costs and damage which might be awarded against the appellant, not exceeding $500;  that subsequently the said order of the general term so appealed from was affirmed by the court of appeals, with costs, and that the costs of the said proceedings in the court of appeals were duly taxed and adjusted at $104.07; that by section 66 of the consolidation act (chapter 410, Laws 1882) it was provided that "at all the times hereinafter mentioned Hugh J. Grant was mayor of the city of New York, William H. Clark was