(71 Misc. Rep. 640.)

In re STEWART et al.

(Surrogate's Court, Kings County.   April, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 375*)—SALE OF LAND TO PAY DEBTS—
   CONFIRMATION—NECESSITY—STATUTES.
      Laws 1904, c. 750, reforming the practice relative to the sale of decedents' lands, having repealed Code Civ. Proc. § 2776. requiring an order confirming the sale, there is no warrant for such confirmation, although the word "confirmation" was left in section 2774 of the Code, providing who may not purchase at such a sale.
      [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 375.*]

Application by Sarah E. Stewart and another, as administratrices of Horatio S. Stewart, deceased, for leave to sell real estate for the payment of debts. On motion to confirm sale. Motion denied.

McKeen, Brewster & Morgan, for the motion.

KETCHAM, S. There is no warrant for confirmation of a sale of decedent's lands for the payment of his debts. Former section 2776 of the Code of Civil Procedure, which required an order confirming the sale, was repealed in 1904 by the act which reformed the practice relative to the sale of decedent's lands. Laws 1904, c. 750.

It is not possible that a procedure thus deliberately excluded was impliedly preserved by the incidental reference which was unfortunately left in section 2774 of the Code. That section, in like manner, retained the provision that "a freeholder appointed to execute the decree" should not purchase at the sale, although the statute of 1904 left out the express direction, formerly contained in the Code, that a freeholder should be appointed. As well might it be argued that the present statute, by implication and accident, requires or permits the appointment of a freeholder to conduct the sale as that confirmation is required because the word "confirmation" escaped the process of revision.

Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes