(77 Misc. Rep. 69.)

## In re BRIDGEPORT BRASS CO.

## In re FLEISCHMAN.

(Surrogate's Court, Kings County. May, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 379*)—SURROGATE'S COURT—JURISDICTION
—SALE OF DECEDENT'S REALTY.

Where, after sale of decedent's estate to pay debts, the administrator refuses to convey, the surrogate has no jurisdiction of a motion by the purchaser to be relieved from her purchase and to compel the adminis- trator to return the price paid and amounts due for counsel fees of the purchaser.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1545–1564, 1567, 1568; Dec. Dig. § 379.*]

In the matter of the application of the Bridgeport Brass Company for the sale of the real estate of Charles H. Sanford, deceased, to pay debts. Rose Fleischman applies to be relieved of her purchase. Denied.

Harry Zirn, of Brooklyn, for petitioner.

Huntington, Rhinelander & Seymour, of New York City, for Bridge- port Brass Co.

Charles E. Teale, of Brooklyn, public administrator.

KETCHAM, S. The purchaser at a sale of decedent's lands for the payment of debts, upon the failure of the administrator to con- vey, asks that she be relieved from her purchase, and that the ad- ministrator pay to her the sum paid upon account of the purchase price, with interest, the amount of the auctioneer's fees paid by her, and the amounts incurred by her for counsel fee and for the ex- penses of examining the title to the lands for which she bid upon the sale. The administrator has refused to convey, under advice of counsel that the price obtained was inadequate, and the purchaser alleges defects in the title.

The cases cited for and against the motion are conflicting, but the balance of authority is that, at the time when these cases were decided, it was within the surrogate's jurisdiction to entertain such a motion as the present, in its entirety. Matter of Dolan, 88 N. Y. 309; Mat- ter of John (Sur.) 18 N. Y. Supp. 172; Matter of Slater, 17 Misc. Rep. 474, 41 N. Y. Supp. 534; Matter of Bellesheim (Sup.) 1 N. Y. Supp. 276; Matter of Campbell, 1 Tuck. 240; Matter of Lynch, 2 Dem. Sur. 610; Id., 33 Hun, 309. All of these decisions were under statutes which gave express power to the surrogate to confirm or re- ject the sale, upon his discretion. 2 R. S. 105, §§ 29, 30, 31; Code Civ. Pro. §§ 2775, 2776, now repealed. At that time there were other provisions of the statutes, since repealed, which imposed upon the surrogate intimate responsibilities as to the execution of the sale, be- tween the time of the decree and the confirmation or rejection thereof (Code Civ. Pro., former §§ 2762, 2768, 2769, 2772, 2773), and much

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

greater duties were confided to him with respect to the application of the proceeds. See Code Civ. Pro., former § 2786 et seq.

The duty or power of confirmation or disapproval was taken from the surrogate in 1904 in the general reformation of the chapter regulating these sales. Matter of Stewart, 71 Misc. Rep. 640, 130 N. Y. Supp. 1058. His right to make divers interlocutory orders in control of the sale was then abolished. The entire system for an inquiry and judicial distribution of the proceeds was repealed, and it was superseded by a scheme which is believed to leave the court chargeable only with the duties which precede and characterize the making of the final decree. In place of the distribution by decree, it is enacted that the executor or administrator must proceed to execute the decree directing the sale "in the same manner, and the execution thereof shall have the same effect, as if he were acting as executor of the decedent under a like power contained in a will of said decedent" (Code Civ. Pro. § 2761), and no further relation between the executor or administrator and the court seems within the contemplation of the present statute until the account of the executor or administrator of the proceeds of sale shall be judicially settled, in the same manner as his accounts are generally adjusted.

Under an execution of the decree directing a sale which proceeds "in the same manner and with the same effect" as if it were authorized only by a power contained in a will, the officer conducting the sale is for a time independent of the court, acting within a sphere which cannot be penetrated, unless by a proceeding to remove him, and from the time that he takes the first decree he bids farewell to the court, and carries the whole dignity and burden of the transaction alone, until the time when his account comes before the court for adjustment. It could only be as a power incidental to the duty of regulating the sale (Code Civ. Pro. § 2481, subd. 11) that the surrogate could order the sale abandoned or could prescribe the terms upon which relief could be had by a purchaser, and such primary duty does not appear.

The administrator is ready to consent to an order directing the return of the earnest money paid upon the auction sale, with the interest which it has earned. Under the views expressed supra, the surrogate declines to make an order, even in this respect; and this is done the more readily, since it must be the apparent duty of the administrator, without order, to restore the sum which does not belong to him or the estate. Again, under statutory misfortunes which hamper the usefulness of Surrogate's Courts, relief obviously just in some respects must be denied.

Decreed accordingly.