BRACKETT et al., Appellants, v. TITUS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 26, 1913.) Action by John Brackett and another, as executors, etc., against Herbert N. Titus and another. No opinion. Judgment and order affirmed, with costs.

BRADY, Appellant, v. PENNSYLVANIA STEEL CO., Respondent. (Supreme Court, Appellate Division, First Department. March 20, 1913.) Action by Marguerite Brady, as administratrix, against the Pennsylvania Steel Company. R. J. Donovan, of New York City, for appellant. H. S. Marshall, of New York City, for respondent.

PER CURIAM. Judgment affirmed, on 138 App. Div. 233, 122 N. Y. Supp. 907. Order filed.

SCOTT, J., dissents.

BRAUN, Appellant, v. BUFFALO GENERAL ELECTRIC CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1913.) Action by Charles Braun, as administrator, etc., against the Buffalo General Electric Company. No opinion. Motion for leave to appeal to Court of Appeals (from 139 N. Y. Supp. 1117) denied, with $10 costs.

BRAUN, Respondent, v. ROCKWELL MOTOR TRANSP. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 14, 1913.) Action by Rudolph Braun, an infant, against the Rockwell Motor Transportation Company. J. J. Coughlan, of New York City, for appellant. O. L. Mills, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

BRENNAN, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department, February 7, 1913.) Action by Margaret F. Brennan, as administratrix, etc., of Anthony J. Brennan, deceased, against the Long Island Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re BRIDGEPORT BRASS CO. In re FLEISCHMAN. (Supreme Court, Appellate Division, Second Department. February 28, 1913.) Appeal from Surrogate's Court, Kings County. In the matter of the application of the Bridgeport Brass Company for the sale of the real estate of Charles H. Sanford, deceased, to pay debts. Rose Fleischman applies to be relieved of her purchase. From an order of the Surrogate's Court of Kings County (77 Misc. Rep. 69, 137 N. Y. Supp. 418), denying her application, she appeals. Affirmed. Harry Zirn, of Brooklyn, for appellant. Origen S. Seymour, of New York City (L. J. Luce, of New York City, on the brief), for respondent. Jacob Brenner, of Brooklyn, for respondent Teale, public administrator.

JENKS, P. J. The order is affirmed, for the reasons stated by the learned surrogate in his opinion. Mr. Jessup in his Surrogate's Practice (4th Ed. pp. 1032 and 1033), commenting upon similar decisions by the same surrogate, suggests that maugre the amendments of 1904 the surrogate still has jurisdiction, under certain subdivisions of section 2481 of the Code of Civil Procedure. But see Redfield on Law and Practice of Surrogates' Courts (7th Ed.) § 886 et seq., and Heaton on Surrogates' Courts (1909 Revision) § 823. Mr. Jessup further suggests that the surrogate should assert and exercise jurisdiction, if possible, in order to avoid remission to another jurisdiction. But Mr. Redfield remarks: "Under the old practice, the proceedings subsequent to the decree authorizing the sale were as cumbersome and complicated as those which preceded it; but the wholesale amendments of 1904 have greatly simplified the procedure, and left the representative little to do except to account for the proceeds." The question presented is one that should be determined by the Court of Appeals. The order is affirmed, without costs.

BROMSTEAD, Respondent, v. HAMILTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1913.) Action by John H. Bromstead against Albert L. Hamilton, as administrator, etc.

PER CURIAM. Judgment affirmed, with costs.

KRUSE, J., dissents, upon the ground that a presumption of payment arises from the various transactions after the plaintiff's claim accrued. The plaintiff made no such claim when called upon to pay defendant's judgment, nor at any time until long after the death of defendant's testator, and in any event the $50 rent should have been allowed.

BROOKLYN, Q. C. & S. R. CO. v. BIRD et al. (Supreme Court, Appellate Division, Second Department. March 7, 1913.) Action by the Brooklyn, Queens County & Suburban Railroad Company against Maria A. Bird and the City of New York. No opinion. Motion for reargument (of 152 App. Div. 932, 137 N. Y. Supp. 1112) denied, with $10 costs. See, also, 78 Misc. Rep. 683, 138 N. Y. Supp. 826.

BUCKINGHAM, Appellant, v. CLIFTON SPRINGS SANITARIUM CO., Respondent. (Supreme Court, Appellate Division, First Department. February 14, 1913.) Action by Hannah D. Buckingham against the Clifton Springs Sanitarium Company. L. H. Rogers, of New York City, for appellant. J. S. Sheppard, Jr., of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 152 App. Div. 946, 137 N. Y. Supp. 1112.