(155 App. Div. 482.)

In re BLOCK BOUNDED BY CHAUNCEY STREET, MARION STREET, HOPKINSON AND ROCKAWAY AVENUES IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. MUNICIPAL CORPORATIONS (§ 325*)—STREET OPENING PROCEEDINGS—CON-CLUSIVENESS.

Street opening proceedings under the Brooklyn Charter (Laws 1854, c. 384) were conclusive as to the vesting of title in the city, but not as to one claiming the award against one who received it as the apparent owner of the property taken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 847–849; Dec. Dig. § 325.*]

2. MUNICIPAL CORPORATIONS (§ 325*)—JUDGMENT—CONCLUSIVENESS.

The purpose of commissioners in street opening proceedings is to ascertain the expense of the contemplated improvement, which requires a determination of the value of the realty affected and a determination of the apparent owners to whom compensation is to be made; but such determination is not res judicata as to the title, although it protects the city in its payment of the award to the apparent owner.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 847–849; Dec. Dig. § 325.*]

3. HIGHWAYS (§ 80*)—PREMISES ON HIGHWAY—FEE.

A conveyance of premises on a highway conveys the fee of half of the roadbed.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 288, 290; Dec. Dig. § 80.*]

4. MORTGAGES (§ 533*)—DESCRIPTION IN MORTGAGE—DESCRIPTION IN FORE-CLOSURE.

A description in a devise to a life tenant and to a remainderman and in the remainderman's mortgage to the life tenant, "My six acre lot where my new home is now building," must prevail over the further description stated by the mortgagee in her bill of foreclosure and added by the master in chancery in his conveyance to her under the foreclosure sale, as the mortgagor intended to mortgage the entire parcel and the mortgagee to foreclose all the interest of the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1554, 1565, 1565½; Dec. Dig. § 533.*]

In the matter of the application of the City of New York relative to acquiring certain lands, etc., in the block bounded by Chauncey Street, Marion Street, Hopkinson and Rockaway Avenues, for use by the Department of Highways as a storage yard. On motion to confirm report of referee. Report confirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Watson & Kristeller, of New York City, William J. Pape, of Brooklyn, and Robert Connor, for the motion.

Charles C. Clark, of Brooklyn, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The motion to confirm the report of the referee is granted. The opinion of Crane, J., in Brooklyn, Queens County & Suburban R. R. Co. v. Bird, 76 Misc. Rep. 62, 134 N. Y. Supp. 1, affirmed 152 App. Div. 932, 137 N. Y. Supp. 1112, discusses several points made in opposition to this motion, so that there are but two which now require any expression from us.

[1, 2] First. We think that the report of a commission in proceedings to open a street pursuant to the procedure prescribed for the former city of Brooklyn is not of the character of a final adjudication as to title so as to bar a claimant of an award from establishing his right thereto as against a recipient, described as owner in such report. This question was presented upon a motion for a new trial in the case cited supra, and we think was determined correctly. The opinion of Crane, J., handed down upon a denial of the motion, may be found in 78 Misc. Rep. 683, 138 N. Y. Supp. 826. The primary function of such commissioners was to ascertain the expense of the contemplated improvement, and this, of course, required a determination of the value of the realty affected. Inasmuch as compensation must be made to the respective owners of the realty affected, it was proper that the apparent owners should be determined and indicated specifically in the report. But we think that it was never intended that such a determination should have the finality of a judgment that was res adjudicata as to the title, although it did protect the city in its payment of the award to the apparent owner.

[3, 4] Second. We think that the contention of the heirs of Bailey should not prevail. The conveyance from Ryerson to Duryea conveyed the fee of the northerly half of the roadbed. Van Winkle v. Van Winkle, 184 N. Y. 193, 77 N. E. 33. We think that the description, "my six (6) acre lot where my new home is now building," must prevail over the further description stated by Sarah Duryea in her bill of foreclosure and added by the master in chancery in the conveyance to her under the foreclosure sale. See Bernstein v. Nealis, 144 N. Y. 347, 39 N. E. 328; Schoenewald v. Rosenstein (City Ct. Brook.) 5 N. Y. Supp. 766; Brookman v. Kurzman, 94 N. Y. 272. The first description was employed by the devisor to Sarah Duryea, life tenant, and to John Bailey, remainderman. It was likewise employed in the mortgage made by the said Bailey to the said Duryea. It was used in the said Duryea's bill of foreclosure and also by the said master in chancery in his said conveyance. As well suggested by the learned counsel for the Duryea heirs, Sarah Duryea was not a grantor. Her survey was entirely voluntary, and her purpose was to afford what she supposed, as indicated by her expressions in the bill, was a more definite description of the usable real estate, perhaps, to prospective purchasers at the foreclosure sale; but she did not intend to limit her rights. The mortgagor intended to mortgage his entire parcel, and the mortgagee intended to foreclose all of the interest of the mortgagor. The amount of the mortgage with interest was more than $1,000, while the sale realized about $400. This does away with any presumption that there was satisfaction of the debt by a sale of but part of the land covered by the mortgage.