WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur with CULLEN, Ch. J.; HOGAN, J., reads dissenting opinion.

Judgment accordingly.

---

In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Land in the Borough of Brooklyn Selected for Use as a Storage Yard for the Department of Highways.

DELIA A. FINNEGAN et al., Appellants; FRANCES B. WATSON et al., Respondents.

**Condemnation proceedings — New York (city of) — award to unknown owners — payment of such award to claimant by order of court upon satisfactory evidence and due notice to corporation counsel — when such order cannot be revoked upon application of subsequent claimant.**

1. The provisions of the Greater New York charter (L. 1901, ch. 466, § 1441) relative to awards to unknown owners in proceedings to condemn lands for public use, point out the remedy which is available to a party upon ascertaining that an award has been paid to another, viz.: An action for money had and received against the recipient of the award.

2. In a proceeding to acquire lands in the city of New York by condemnation certain sums were awarded to unknown owners; thereafter a claimant to such moneys, upon due notice to the corporation counsel, obtained an order made in compliance with the procedure prescribed by law, that such award be paid her and such payment was made. Thereafter another party made claim to the award and upon her application the Appellate Division vacated

and canceled the previous order and directed the party who had received the same to repay it to the city of New York. *Held*, *First*, that the order so made is a final order in a special proceeding which may be reviewed in this court as matter of right. *Second*, there is a failure on the part of the petitioner to present any such state of facts to the Appellate Division as properly to invoke its jurisdiction to vacate its former order and it was error so to do.

*Matter of City of New York*, 157 App. Div. 886, reversed.

(Argued June 4, 1913; decided June 17, 1913.)

APPEAL by Delia A. Finnegan from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 9, 1913, which confirmed the report of a referee, vacated a prior order of said Appellate Division directing payment of an award in this proceeding to said Delia A. Finnegan, and directed her to repay to the chamberlain of the city of New York the sum of $10,903.98 received by her under the order so vacated.

Appeal by William L. Bailey and others from so much of said order of the Appellate Division, entered May 9, 1913, as confirmed such part of the referee's report as held that these appellants had no claim upon any part of the award herein.

The facts, so far as material, are stated in the opinion.

*Charles C. Clark* and *M. E. Finnegan* for Delia A. Finnegan, appellant. The Appellate Division was without jurisdiction to appoint a referee herein, the remedy of the claimants being an action for money had and received against Delia A. Finnegan to recover the money paid to her. (*Matter of City of New York*, 42 App. Div. 198; *Fisher* v. *Mayor, etc., of N. Y.*, 57 N. Y. 344.)

*Merle I. St. John* and *Robert F. Connor* for William L. Bailey et al., appellants.

*Robert S. Kristeller* and *William J. Pape* for respondents. The appeal should be dismissed, as this court is

without jurisdiction to entertain it. (*Steinman* v. *Conlon*, N. Y. L. J. May 1, 1913; *Matter of S. B. R. R. Co.*, 128 N. Y. 93; *City of Johnstown* v. *Wade*, 157 N. Y. 55; *Matter of Grab*, 157 N. Y. 69; *Matter of Moore*, 67 N. Y. 555; *Matter of City of New York*, 143 App. Div. 302; 202 N. Y. 607; *Matter of Com. of Public Works*, 111 App. Div. 285; 185 N. Y. 391; *Matter of Elevated R. R.* v. *Flynn*, 147 N. Y. 345; *Matter of Trustees of N. Y. & Brooklyn Bridge, etc.*, 137 N. Y. 95; *Matter of Met. El. R. Co.*, 128 N. Y. 600.) There seems to be no doubt of the inherent power of the Supreme Court to vacate its own judgments or orders when they are based upon mistake, inadvertence or fraud, and the facts set forth in the petition of Delia A. Finnegan upon which the Appellate Division based its order directing the payment of the fund out of the court's depository to her set up only mistakes of fact which actually misled the court into its unwarranted order. (*Matter of Automatic Chain Co.*, 64 Misc. Rep. 280; 134 App. Div. 863; 198 N. Y. 618; *Matter of City of Buffalo*, 78 N. Y. 369; *Hatch* v. *C. Nat. Bank*, 78 N. Y. 487; *Matter of N. F. & W. R. Co.*, 121 N. Y. 319; *Donnell* v. *McArdle*, 14 App. Div. 222; *Matter of P. F. Club*, 151 N. Y. 511; *Clark* v. *Scovill*, 198 N. Y. 279; *Wood* v. *Wesley*, 75 Misc. Rep. 519.) The remedy given by section 1441 of the Greater New York charter to collect by civil action the amount of any award paid to a wrongful claimant is not exclusive, inasmuch as the statute gives merely an added remedy and contains no language capable of the construction that it negatives or abrogates the inherent power of the Supreme Court to correct or vacate its own orders. (Lewis Suth. on Stat. Const. [2d ed.] §§ 331, 572; *Cooke* v. *State Nat. Bank*, 52 N. Y. 96; *Renwick* v. *Morris*, 3 Hill, 621; *Scidmore* v. *Smith*, 13 Johns. 322; *Golden* v. *Eldred*, 15 Johns. 220; 1 Kent's Com. 467; *Rosin* v. *Lidgerwood Mfg. Co.*, 89 App. Div. 245; *Gmaehle* v. *Rosenberg*, 178 N. Y. 147, 152; *Jones* v. *City of Albany*, 151 N. Y. 223.)

9

WILLARD BARTLETT, J.  This was a proceeding to acquire lands in the borough of Brooklyn for use as a storage yard for the department of highways.  Commissioners of estimate were duly appointed whose report, which was confirmed by the Supreme Court on November 29, 1904, awarded to unknown owners $750 for damage parcel No. 5, as designated on the commissioners' map, and $8,925 for damage parcel No. 6.  These amounts were thereupon duly paid into court, where they remained until 1909, when Delia A. Finnegan, the appellant herein, presented a petition to the Appellate Division alleging that she was the owner of the awards and praying for an order directing the chamberlain of the city of New York to pay them over to her.  Annexed to the petition was an abstract of her title.  Upon this petition and the papers which accompanied it, and upon due notice to the corporation counsel, who appeared but did not oppose the application, the Appellate Division made an order on the 21st day of January, 1910, directing the chamberlain to pay the amount of said awards to the said Delia A. Finnegan, together with accrued interest thereon from the date of deposit.  This order was duly complied with by the chamberlain, who made the payment by means of four warrants, two of which — one for $1,834.79 and another for $1,486.82 — were assigned by Delia A. Finnegan to the collector of assessments and arrears to redeem the premises from a tax sale and for unpaid taxes and assessments.  The aggregate amount of the four warrants was $12,807.88.

The proceeding was now apparently at an end, so far as these awards were concerned, but not so in fact.  About a year later a new claimant appeared, in the person of Frances B. Watson.  She presented to the Appellate Division a petition, supported by several affidavits, alleging that she was the owner of the awards, to which she had acquired title by assignment in 1910, and asking that Delia A. Finnegan be directed to repay to the cham-

berlain the moneys which she had received from him, and that a referee be appointed to determine the rights of the various parties to the fund and report the same to the court. Thereupon the Appellate Division, against the objection and opposition of Delia A. Finnegan and the city, represented by the corporation counsel, appointed a referee to take proof of the facts and circumstances set forth in the said petition of Frances B. Watson, and report the testimony, together with his opinion thereon.

The order of reference was duly executed and the referee reported as follows: (1) That Delia A. Finnegan was not entitled to the award to unknown owners and that she should be required to repay the same into court, less the amount she had applied to the payment of back taxes; (2) that Frances B. Watson had a record title to the premises embraced in parcel No. 5 and the southerly half of parcel No. 6, and was the lawful owner of the awards therefor; and (3) that certain persons, named as the heirs of Sarah Duryea, were the rightful owners of the award for the northerly half of parcel No. 6.

Upon the coming in of this report the Appellate Division made the order from which the present appeal is taken. That order confirmed and ratified the referee's report in all respects; vacated and canceled the order of the Appellate Division of January 21, 1910, under which the awards had been paid to Delia A. Finnegan, and commanded her to repay to the chamberlain of the city of New York the sum of $10,903.98, to the credit of damage parcels Nos. 5 and 6 in this proceeding, within fifteen days from the service of the order upon her.

The respondent objects that the order is not appealable; but I think that it is a final order in a special proceeding which the appellant is entitled to have reviewed as a matter of right. It is a finality as far as her rights are concerned, for it is a conclusive adjudication against her claim to the awards. It is necessary, therefore, to dispose of the appeal upon the merits.

The provisions of the Greater New York charter (L. 1901, ch. 466) (§ 1441) relative to awards to unknown owners in proceedings to condemn lands for such a public use as that contemplated in the present case, point out the remedy which is available to a party in the position of the respondent, upon ascertaining that an award has been paid to another. This is an action for money had and received against the recipient of the award. The section cited provides that "in all and each and every case or cases, where any such sum or sums or compensation, so to be reported by said commissioners in favor of any person or persons, party or parties whatsoever, whether named or not named in said report, shall be paid to any person or persons, party or parties whatsoever, when the same shall of right belong to and ought to have been paid to some other person or persons, party or parties, it shall be lawful for the person or persons, party or parties to whom the said sum or sums ought to have been paid, to sue for and recover the same, with lawful interest and costs of suit, as so much money had and received to his, her or their use, by the person or persons, party or parties, respectively, to whom the same shall have been so paid."

I think that the proper course for the respondent was to bring the action thus expressly permitted by statute, as was held in a similar case by the Appellate Division in the first department. (*Matter of Corporation Counsel N. Y. City,* 42 App. Div. 198.)

In my opinion, the order under review, whereby the Appellate Division vacated its previous order of January 21, 1910, for the payment of the awards to Delia A. Finnegan, was not warranted by any facts brought to the attention of the court in behalf of the petitioner. That a court of record possesses the power to vacate its own judgments, or orders partaking of the nature of judgments, upon proper occasion, is a proposition not now open to question. (*Clark* v. *Scovill,* 198 N. Y. 279, 286 and cases there cited.) This power, however, cannot be

exercised in the absence of facts justifying action to that end. The defect here is the failure of the petitioner to present any such state of facts to the Appellate Division as properly to invoke its jurisdiction to vacate its former order. That order had been duly and regularly made, upon the notice prescribed by law. There was no suggestion in the papers upon which the application to vacate it was based that the order had been induced by fraud, collusion, concealment or misleading practice of any sort. The intimation that the order was inadvertently granted upon an untrue statement which misled the court appears for the first time in the supplemental brief which the respondent has been permitted to submit to this court after the oral argument. This assertion is not supported by the record, which on the contrary shows that the corporation counsel made a careful investigation of the title of Delia A. Finnegan and expressed his satisfaction therewith to the Appellate Division. His assent to the granting of the order showed that that officer deemed the appellant's claim of title sufficient, and as the facts constituting that claim were fully laid before the court it is to be presumed that the Appellate Division agreed with him. Certainly an order made under such circumstances cannot be deemed to have been made inadvertently. During the five years that had elapsed since the award had been paid into court to the credit of unknown owners the respondent and her grantors enjoyed the same opportunity as the appellant to ask that the award be paid over to them as the true owners; yet they remained supine and silent. The Appellate Division, unaware of the existence of a claim on their part which they had never taken the trouble to assert, ordered the money paid to one who was *prima facie* entitled to receive it. The order was made in strict compliance with the procedure prescribed by law. The mere fact that another claimant put in an appearance a year later asserting a superior title constituted no legal reason whatsoever for vacating it. If the second

claim were valid, the recipient of the award was in the position of one having received money for the use of another and was liable accordingly; but the regularity and validity of the order under which it was received remained unaffected. The most that can be said against the order is that the court which made it erred in pronouncing the appellant's statement of her title sufficient; but I have never yet understood that such an error of law in and of itself constituted a ground for vacating a judgment or order of a similar character which had been executed.

If the respondent was entitled to have the order vacated on this ground one year after it was made, why not five years afterward or ten or twenty? An application, such as has been successful in this case on the part of a new claimant to the award, would be a most convenient method of avoiding the Statute of Limitations, which would run against him if he prosecuted the recipient as for money had and received. Instead of bringing his timely action to recover the award from the payee, he can wait till inclination prompts him to do so and then obtain a *vacatur* from the Appellate Division on the ground that it paid the money to a person who was then the only claimant upon a mistaken view of the sufficiency of the title which he frankly laid before the court as the basis of his claim and which the chief law officer of the city agreed was sufficient.

The order under review should be reversed and application denied, with costs, not because the court below does not possess the power to vacate its own orders or judgments upon proper occasion, but because no facts were presented to the Appellate Division sufficient to invoke the exercise of its jurisdiction in that respect.

Cullen, Ch. J., Gray, Hiscock, Chase, Hogan and Miller, JJ., concur.

Order reversed, etc.